## TAYLOR *v.* UNITED STATES.

No. 693.   Argued April 11, 12, 1932.—Decided May 2, 1932.

*Mr. R. Palmer Ingram,* with whom *Miss Helen Elizabeth Brown* was on the brief, for petitioner.

*Solicitor General Thacher,* with whom *Assistant Attorney General Youngquist,* and *Messrs. Mahlon D. Kiefer* and *W. Marvin Smith* were on the brief, for the United States.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

An indictment, United States District Court for Maryland, charged petitioner Taylor with the unlawful possession of intoxicating liquor—whiskey, one hundred twenty-two cases.

By timely petition to the court he asserted that in the night time prohibition agents acting without warrant had entered and searched the garage adjacent to his residence and had found and seized the liquor; that with this as evidence the indictment had been obtained; he anticipated that like use would be made of it at the trial. The prayer for its exclusion was denied.

By stipulation the cause went for trial by the court without a jury. The District Attorney called three of the agents who participated in the search. The defendant moved to exclude all their testimony on the ground

that the search and seizure, made without warrant and in violation of his constitutional rights, were unreasonable; also that his private dwelling had been entered contrary to the inhibition of the Willis-Campbell Act. The trial court overruled this motion, adjudged defendant guilty and imposed fine and imprisonment. The Circuit Court of Appeals affirmed the judgment. The cause comes up by certiorari.

There is a suggestion, first made here, that the bill of exceptions printed in the record was signed by the judge out of time and therefore cannot be considered.

The trial took place during February, 1931. By proper orders permission to file the bill of exceptions was extended to May 17th, 1931—Sunday. It was actually signed on May 18th. Immediately following the signature of the judge the following appears—" 5/18/31. This Bill of Exceptions is agreed upon. Simon E. Sobeloff, U. S. Attorney. James M. Hoffa, Assistant U. S. Attorney."

The facts surrounding the preparation and signing have been presented by affidavit and are not in dispute. Having prepared the bill, petitioner's counsel duly lodged it with the United States Attorney. For convenience of the latter's office there were extensions of time to May 17th. On May 16th, the Assistant District Attorney, having just completed examination of the bill, went with petitioner's counsel to the judge's chambers to secure his signature. Failing to find him, they agreed to ask his signature on Monday, May 18th. On that day, with the express approval of all parties and in pursuance of the earlier agreement, the judge signed the bill. The considerable delay in settling the bill followed the request of the Assistant District Attorney in charge and was permitted for his convenience.

In these exceptional circumstances—the facts being undisputed—we think the petitioner is entitled to the bene-

fit of the bill. And negativing any intent to relax the general rule, we accept it as adequate and properly incorporated in the record. See *Waldron* v. *Waldron*, 156 U. S. 361, 378.

Without undertaking to defend the challenged search and seizure, the Solicitor General submits the cause for our decision. As the conviction was affirmed by the Circuit Court of Appeals, he prefers not to enter a confession of error. He does, however, say that in his opinion, without regard to whether the garage constituted part of the private dwelling, upon the facts shown, the entry by the agents was wrongful and the search and seizure unreasonable. With this view we agree. The judgment below must be reversed.

During the night, November 19th, 1930, a squad (six or more) of prohibition agents, while returning to Baltimore City, discussed premises 5100 Curtis Avenue, of which there had been complaints " over a period of about a year." Having decided to investigate, they went at once to the garage at that address, arriving there about 2:30 A. M. The garage—a small metal building—is on the corner of a city lot and adjacent to the dwelling in which petitioner Taylor resided. The two houses are parts of the same premises.

As the agents approached the garage they got the odor of whiskey coming from within. Aided by a searchlight, they looked through a small opening and saw many cardboard cases which they thought probably contained jars of liquor. Thereupon they broke the fastening upon a door, entered and found one hundred twenty-two cases of whiskey. No one was within the place and there was no reason to think otherwise. While the search progressed, Taylor came from his house and was put under arrest. The search and seizure were undertaken with the hope of securing evidence upon which to indict and convict him.

Although over a considerable period numerous complaints concerning the use of these premises had been received, the agents had made no effort to obtain a warrant for making a search. They had abundant opportunity so to do and to proceed in an orderly way even after the odor had emphasized their suspicions; there was no probability of material change in the situation during the time necessary to secure such warrant. Moreover, a short period of watching would have prevented any such possibility.

We think, in any view, the action of the agents was inexcusable and the seizure unreasonable. The evidence was obtained unlawfully and should have been suppressed. See *Carroll* v. *United States,* 267 U. S. 132; *United States* v. *Lefkowitz,* 285 U. S. 452, and cases there cited.

Prohibition officers may rely on a distinctive odor as a physical fact indicative of possible crime; but its presence alone does not strip the owner of a building of constitutional guarantees against unreasonable search. This record does not make it necessary for us to discuss the rule in respect of searches in connection with an arrest. No offender was in the garage; the action of the agents had no immediate connection with an arrest. The purpose was to secure evidence to support some future arrest.

*Reversed.*