914

**MONTESTANI et al. v. UNITED STATES.**
**No. 4886.**

Circuit Court of Appeals, Seventh Circuit.
April 29, 1933.

Walter W. Duft, of Chicago, Ill., and Michael Costabile, of Chicago Heights, Ill., for appellants.

Dwight H. Green, U. S. Atty., and Walter E. Wiles, Asst. U. S. Atty., both of Chicago, Ill.

Before EVANS and SPARKS, Circuit Judges, and BALTZELL, District Judge.

PER CURIAM.

Four counts of an indictment charged appellants with violations of the National Prohibition Act (27 USCA). The jury found appellant Wilkens not guilty on three counts and guilty on the count which charged her with maintaining a nuisance. It found appellant Montestani not guilty on three counts and guilty of the charge of manufacturing intoxicating liquor in violation of the act.

On this appeal, both parties argue that the evidence fails to support the verdict.

As to appellant Wilkens, we find the evidence was such as to necessitate its submission to the jury upon the charge of unlawfully maintaining a nuisance. She was in possession of the premises on which the still was found and had certain rights there under the will of her nephew, who had recently died. The statements of her son, made in her presence and by her undenied, showed that she was not only aware of the existence of the still and of its operation, but refused to follow the advice of said son when he urged her to move out the still, saying that if she didn't she would get into trouble.

As to appellant Montestani, the evidence bearing on the count upon which he was convicted—namely, the unlawful manufacture of intoxicating liquor—was insufficient to sustain this conviction. It is entirely consistent with his innocence of this particular charge. The evidence as to him showed that he drove onto the premises shortly after a car containing the two prohibition agents had arrived unknown to appellant Wilkens. The agent heard him call to Mrs. Wilkens, "Was that one of my cars that just came in?" To which Mrs. Wilkens replied, "I didn't know a car had driven in." The agents then arrested Montestani and asked him what he was doing there, and he replied he had just come in; that he had lost his way. Mrs. Wilkens later stated, in his presence, that Montestani had been there "on several occasions, possibly two during the operation of whatever was going on in that building, in the granary." The agents found the still in the granary where "two or three of the vats were empty, the remainder were filled with fermenting mash."

While this evidence was sufficient to justify the jury in finding that Montestani was not lost when he drove onto the premises, and that he knew there was a still being operated there, it does not establish his ownership or operation or active participation in the operation of the still and the manufacture of liquor. It is consistent with his being there as a purchaser of the liquor made in the still, or in some other capacity. Such other capacity, while not consistent with innocence or other lawful purpose, did not, nevertheless, establish his guilty participation in the crime of *manufacturing* liquor. The false statement by him made to the agents undoubtedly evidenced a consciousness of guilty participation in some phase of illicit liquor activity, but it failed to establish the crime upon which he was convicted and sentenced.

The other evidence failed to supply the necessary proof upon which conviction on this charge depended.

█ The Government's motion to strike the bill of exceptions because not presented within the term or within the period fixed by order of the court has been duly considered. In view of the recent decision in Taylor v. United States, 236 U. S. 1, 52 S. Ct. 466, 76 L. Ed. 951, and the facts peculiar to the instant case, we deny the motion.

The judgment as to appellant Wilkens is affirmed, and as to appellant Montestani, the judgment is reversed and the cause remanded.