## LUPPINO v. UNITED STATES.*
### No. 7091.

Circuit Court of Appeals, Ninth Circuit.
June 12, 1933.

O. M. Pitzen, of Tacoma, Wash., for appellant.

Anthony Savage, U. S. Atty., of Seattle, Wash., and Joseph A. Mallery, Asst. U. S. Atty., of Tacoma, Wash.

Before WILBUR, MACK, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

The appellant was convicted on each of two counts of an indictment; the first alleging that he was in possession of certain "intoxicating liquor, to-wit, approximately one hundred and fifty (150) gallons distilled spirits then and there containing more than one-half of one per centum of alcohol by volume and then and there fit for use for beverage purposes"; the second count charged him with transporting the same in a Ford Tudor sedan. The appellant makes two points in support of his appeal: First, that the evidence used against him should have been suppressed by reason of the fact that it was seized in violation of his constitutional rights under the Fourth and Fifth Amendments to the Constitution.

*Rehearing denied July 24, 1933.

It appears that on the 16th of January, 1932, the defendant was transporting one hundred and fifty gallons of alcohol in five-gallon tins in his automobile to a garage occupied by James Luppino at 526 So. Fifty-Sixth street, in Tacoma. The prohibition officers were informed that some one intended to make a delivery of whisky to the premises that night, and in pursuance of that information the officers were lying in wait about 1 o'clock on the morning of January 16th. About 1:15 a. m. the appellant drove into the alley and drove up to the garage and stopped. The prohibition officers drove up fairly close to appellant's car so that the headlights of their machine would bear on his car. They saw the appellant get out of the car and walk towards James Luppino's house. The officers, as they approached the car, smelled the odor of alcohol issuing therefrom, and, looking inside, saw five-gallon tin cans, such as are usually used for transporting contraband liquor, almost completely filling the car up to the level of the windows. One of the five-gallon cans was uncovered, and there was a strong odor of alcohol due to the fact, as it turned out, that some of the cans were leaking and that alcohol had seeped out between the cans saturating the paper and the mat on the floor of the car. Thereupon the appellant was arrested and the car seized and opened and found to contain one hundred and fifty gallons of alcohol. The car was taken to a prohibition vault, where the alcohol was removed.

█ The question of the right to make a search of an automobile engaged in transporting liquor has been so often discussed that we think it sufficient to cite our own decision in the case of McInes v. U. S., 62 F. (2d) 180, as supporting the decision of the trial court. The situation here is quite different from that disclosed in Taylor v. U. S., 286 U. S. 1, 52 S. Ct. 466, 76 L. Ed. 951, strongly relied upon by the appellant. See Carroll v. U. S., 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790, as more nearly in point.

█ The motions to suppress and to instruct the jury to acquit were both properly denied. The evidence shows that the alcohol was 194 proof, and the appellant's second contention is that this is too strong for beverage purposes, unless diluted and that therefore the evidence does not sustain the allegation of the indictment to the effect that the distilled spirits therein described were intoxicating liquor "then and there fit for use for beverage purposes." The trial court instructed the jury that there is no substantial variance between the proof and the indictment "if by dilution with water the strength of it would be so lessened as to render it fit, in the sense that alcoholic liquors are fit for beverage purposes * * * the evidence would not be any departure from the allegation that it was fit for use for beverage purposes." We think this instruction correctly states the law and that there is no merit in appellant's contention. In interpreting the law, its intention must be considered.

Judgment affirmed.