### UNITED STATES v. RAHO.
No. 8917.

District Court, M. D. Pennsylvania.
April 29, 1935.

Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa.

Homer L. Kreider and Walter H. Compton, both of Harrisburg, Pa., for defendant.

JOHNSON, District Judge.

This case comes before the court on a petition to suppress evidence and quash an indictment found against the defendant, Steven Raho, under the internal revenue laws.

The defendant filed a petition to quash the indictment and suppress the evidence obtained for the reason that his premises were searched without a search warrant in his absence, and that he was later arrested on the evidence obtained as a result of the alleged illegal search.

Testimony relating to the search, seizure, and arrest was taken and filed. The testimony of the two internal revenue agents, who made the search, seizure, and arrest, shows that they visited the premises of Steven Raho where he conducted a restaurant, and was authorized to sell malt liquor or beer under a federal special tax stamp. Raho's house and residence are several feet apart, and a shanty on the premises is behind the restaurant and at the rear of the lot about thirty to forty feet from the front line of the house and restaurant. The premises are inclosed by a fence. A public road passes the front and rear of the premises. The revenue agents, who were traveling up the road about noontime to make a routine inspection of the restaurant, saw smoke coming out of the chimney of the shanty and smelled the odor of mash or alcohol. The officers proceeded to the restaurant and went into the taproom. One of the officers looked out of the rear door of the taproom and saw the shanty which was about fifteen

to twenty feet from the rear door. He noticed a man carrying a bucket of water into the shanty. The officer, Stewart, there testified as follows: "I immediately left the tap room, came outside and while on the street I went to the end of the tap room and took a look down at the shanty. I saw at this time what appeared to be a 25 gallon crock, a condenser and a piece of pipe coming from some part of the building." The other officer testified that all he could see through the shanty door, from a view on the road, was a trunk, a sugar bag, a condenser, and a gallon jar. The officers then went to the shanty and seized a still in operation together with some alcohol, fermenting rye, etc., went out of the shanty and saw a man in the yard whom they recognized as the person that carried the pail into the shanty. Upon questioning, the man said that the still belonged to Steven Raho. This took place in the absence of the defendant, Raho, who was later arrested. The officers did not have a search warrant.

■ The defendant contends that since the search was made without a search warrant, and that the officers did not see a crime being committed in their presence, and that since the search was not made as an incident to a lawful arrest, the evidence obtained was illegal, should be suppressed, and the indictment based on such evidence should be quashed.

The search was not made as an incident to a lawful arrest as the search preceded the arrest. United States v. Shultz (D. C.) 3 F. Supp. 273. The officers did not see the commission of a crime until they entered defendant's premises and opened the door of the shanty. The circumstances above outlined may have justified the officers in securing a search warrant, but they did not justify a search of defendant's property without a warrant.

■ The action of the officers was unreasonable, and the evidence was obtained unlawfully and should be suppressed. In Taylor v. United States, 286 U. S. 1, 52 S. Ct. 466, 467, 76 L. Ed. 951, where prohibition officers broke into a garage standing adjacent to defendant's dwelling and part of the same premises upon suspicion that a person was engaged in violations of the prohibition law, confirmed by the odor of whisky and by peeping through a crack in the garage, the Supreme Court said:

"Although over a considerable period numerous complaints concerning the use of these premises had been received, the agents had made no effort to obtain a warrant for making a search. They had abundant opportunity so to do and to proceed in an orderly way even after the odor had emphasized their suspicions; there was no probability of material change in the situation during the time necessary to secure such warrant. Moreover, a short period of watching would have prevented any such possibility.

"We think, in any view, the action of the agents was inexcusable and the seizure unreasonable. The evidence was obtained unlawfully and should have been suppressed. * * *"

■ The presumption is that the indictment was found on proper evidence. Goodman v. United States, 63 App. D. C. 137, 70 F.(2d) 741. Neither the petition nor the answer shows that the indictment was found on the illegal evidence referred to above and hereby suppressed. The court cannot presume without admissions or proof that the indictment was based upon illegal evidence.

And now, April 29, 1935, the rule to show cause why the evidence should not be suppressed is made absolute and the evidence obtained by reason of the search and seizure without a search warrant is suppressed; and the rule to show cause why the indictment should not be quashed is discharged, and the motion to quash denied.