## CARDINAL v. UNITED STATES.
### No. 7071.

Circuit Court of Appeals, Sixth Circuit.
Nov. 9, 1935.

826

Harry F. Glick, of Cleveland, Ohio, for appellant.

Frank Wiedemann, of Cleveland, Ohio (E. B. Freed, of Cleveland, Ohio, on the brief), for the United States.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

Having waived a jury trial in writing, appellant was found guilty under an indictment which charged him with having in his possession and custody and under his control two stills and apparatus set up which had not theretofore been registered with the Collector of Internal Revenue for the 18th District of Ohio, as required by the provisions of section 281 (now section 1162), title 26, U. S. C. (26 USCA § 281 (now § 1162).

Before pleading to the indictment appellant filed a motion to suppress the evidence on the ground that it had been obtained as the result of an illegal search. At the hearing on the motion it was conceded by the Government that the entry was made without the issuance of a search warrant, and by the appellant that he was the occupant of the building and owned the still that had been found in the place.

 The entry and search without a warrant were illegal unless the officers had probable cause to believe that an offense was being committed. Where the violation of law is open and the officers have visible evidence of the commission of the crime, such knowledge is sufficient to justify arrest, and without search warrant, search of an accused taken in the commission of the crime. Kwong How v. United States, 71 F.(2d) 71 (C. C. A. 9).

 Observation by officers prior to the entry revealed the presence on these premises of a copper colon such as is used in apparatus for the distillation of alcoholic liquors, the presence of a waste pipe carrying whiskey mash emptying from these premises, the hearing of voices and the statement that "They are sending 20 drums tonight," and the running of motors within the building, combined with a strong odor of cooking or fermenting mash. These observations presented cogent evidence not merely to the sense of smell, but also to the senses of sight and hearing, that a still was in actual operation within the building searched. A contemporaneous arrest was made of two men operating a double still. Upon these features the case is far stronger in favor of the Government than Taylor v. United States, 286 U. S. 1, 52 S. Ct. 466, 76 L. Ed. 951, relied upon by the appellant.

This combination of circumstances gave the officers reasonable cause to believe that a felony was being committed in their presence. They therefore had a right to enter the premises and arrest those working on the still, without first obtaining a warrant, and as an incident thereto had the right to search the premises and seize property illegally used. Rocchia v. United States, 78 F.(2d) 966 (C. C. A. 9). The District Court did not err in admitting in evidence the still, mash, etc., which were taken from the premises.

 Appellant was arrested about an hour after the entry, as he was unlocking a door leading into the building. The key which he used and the lock were rightly admitted in evidence. Since the entry and search were lawful, the evidence previously obtained was admissible not only against those contemporaneously arrested, but also against appellant.

The still was not registered with the Collector of Internal Revenue as required by law.

The judgment of the District Court is affirmed.