### In re CRISAFULLI et al.

District Court, S. D. New York.
Aug. 4, 1936.

Lamar Hardy, U. S. Atty., of New York City (Thomas B. Flynn, of New York City, of counsel), for complainant.

Francis J. Greco, of New York City, for defendants.

LEIBELL, District Judge.

All three defendants, Crisafulli, Kross, and Rosano, jointly move to suppress certain evidence obtained by investigators of the Alcohol Tax Unit, Bureau of Internal Revenue, in a search of a frame building on a farm owned by Lee Brown, at Greenport, Columbia county, New York. The frame building in which the still, mash, alcohol, and vats were found, was otherwise unoccupied. Lee Brown occupied a large main building as his own dwelling. He had rented the smaller building in which the still was found, to some third person, not one of the defendants.

Nowhere in their affidavits do the defendants claim that they were either the owners, tenants, or occupants of the smaller building. One of the defendants, Rosano, slept at Brown's main farm building at night and worked in the smaller building during the daytime. The defendants do not claim to be the owners or to have any interest whatsoever in the still, vats, mash, or other material seized in this smaller building.

When the investigators arrived at this building on May 19, 1936, they noticed a strong odor of fermenting mash and cooking alcohol. While the investigators were concealed in a field about sixty feet from this building they saw Rosano, one of the defendants, run from the building into the adjacent woods. They thereupon approached the building, and looking in through open windows and a screen door they saw a large copper column (such as is used in the operation of a still) running from the basement to the upper floor, and a number of five-gallon tins of a type commonly used to carry out alcohol. The investigators thereupon entered the building through the screen door and made the seizure of a complete 1,000-gallon still set up and in operation—the alcohol was entering the receiving tank at the time. They found also four 2,000-gallon vats containing mash. There was no furniture in the house except a small table and a kerosene stove. There was no one present in the building. Later in the day, two of the defendants, Crisafulli and Kross, were ar-

rested when they drove up to Brown's house in an automobile, containing ingredients for use in the manufacture of alcohol. Russo was also later arrested in another automobile containing bags of coal and some Crystal Urea.

The defendants have been indicted for the illicit operation of the still. The investigators had no search warrant, but they had reasonable grounds for believing that a crime was being committed in their presence from what they personally observed, including the flight of Rosano, before they entered the building. Cardinal v. U. S. (C. C.A.) 79 F.(2d) 825; Kwong How v. U. S. (C.C.A.) 71 F.(2d) 71. The defendants do not claim ownership or tenancy or even occupancy of the building. The building was not in use as a dwelling but as an illicit distillery. Nor do the defendants claim ownership or possession of the still, mash, vats, and alcohol seized in the building. Connolly v. Medalie (C.C.A.) 58 F.(2d) 629; Kelley v. U. S. (C.C.A.) 61 F.(2d) 843, 86 A.L.R. 238. No constitutional rights of any of the defendants under the Fourth and Fifth Amendments to the Constitution of the United States have been in any way infringed by the search and seizure herein.

Defendants' motion to suppress the evidence seized is accordingly denied.