## UNITED STATES v. DERMAN.

District Court, S. D. New York.

July 2, 1946.

512

Henry K. Chapman, of New York City, for the motion.

John F. X. McGohey, U. S. Atty., and Robert F. Quinn, Asst. U. S. Atty., both of New York City, opposed.

HOLTZOFF, Associate Justice sitting by designation.

This is a motion to suppress evidence obtained by a search and seizure made by agents of the Alcohol Tax Unit of the Treasury Department.

The property seized consisted of 36 gallons of alcoholic spirts. It was found in an apartment which was the home of the defendant, who makes the present motion.

It appears that four alcohol tax agents on May 20, 1946, on the basis of information received by them, arrived at the defendant's apartment and asked for admission. The door was opened by the defendant's wife, the defendant himself being away from the premises. One of the agents informed her of their identity and stated that they had received a complaint that non-tax-paid liquor had been brought into the apartment. It was stated that she replied, "We have some schnapps here. Come in and take a look." The agents thereupon entered the apartment, searched it and found approximately 36 gallons of alcoholic spirits. They seized the liquor so found. Towards the end of the search the defendant arrived and was placed under arrest. It is asserted that the search and seizure were illegal.

The Fourth Amendment to the Constitution does not ban all searches and seizures but only those which are unreasonable. A search on the basis of a search warrant is permitted. A search without a search warrant is also permitted, if it is made incidental to, as well as contemporaneously with, an arrest made in the same premises.[1] A search made with the consent of the owner of the premises is also not within the ban of the Fourth Amendment.

In this case, admittedly, there was no search warrant. The only consent was given by the defendant's wife. The Government candidly concedes that the wife is not her husband's agent for the purpose of giving consent to a search merely by virtue of her marital status. The search was not incidental to any arrest, as the arrest took place, not as a part of the same transaction, but at the end of the search, merely because the defendant happened to return to his home at the time.[2] The purpose of the entry into the premises was not to effect an arrest.

---

[1] Carroll v. United States, 267 U.S. 132, 158, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790; Agnello v. United States, 269 U.S. 20, 30, 46 S.Ct. 4, 70 L.Ed. 145, 51 A.L.R. 409; Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L. Ed. 231; United States v. Lindenfeld, 2 Cir., 142 F.2d 829, 832; Morton v. United States, 79 U.S.App.D.C. 329, 147 F.2d 28; United States v. Antonelli Fireworks Co., D.C., 53 F.Supp. 870; United States v. Stein, D.C., 53 F.Supp. 911.

[2] See Taylor v. United States, 286 U.S. 1, 5, 52 S.Ct. 466, 76 L.Ed. 951, and Temperani v. United States, 9 Cir., 299 F. 365. In these cases the enforcement officers entered the premises for the purpose of making a search in order to uncover evidence. The defendant arrived during the progress of the search and was placed under arrest. The search was held illegal.

■ It is claimed by the Government, however, that the search is made lawful by the fact that the agents had reasonable grounds to believe that contraband property was to be found in the apartment and that a violation of law was being committed there. The Court finds as a fact that the agents had probable cause so to believe, but it is of the opinion that, as a matter of law, probable cause to believe that contraband articles are to be found within a dwelling is not justification for a search without a search warrant.[3] In this respect the law applicable to arrests and that governing searches are entirely different. A law enforcement officer has a right to enter a dwelling for the purpose of making an arrest if he has probable cause to believe that the person whom he is seeking to take into custody has committed a felony, even though the felony was not committed in the officer's presence. The law does not permit the officer, however, to enter a dwelling for the purpose of searching for contraband articles merely because there is probable cause to believe that contraband articles may be found in the premises. If the entry to the dwelling had been made for the purpose of making an arrest and, either contemporaneously with or immediately prior to the arrest or immediately subsequently thereto, as a part of the same transaction, a search had been made incidentally to the arrest, an entirely different situation would be presented. The law, too, is different in respect to searching moving vehicles on the highway, for the Supreme Court in the Carroll case[4] held that the necessity for a search warrant does not exist in the case of moving vehicles, although it does in respect to dwellings.

The Court is cognizant of the argument made by the Government, and appreciates its full weight, that if a search, such as was made here, is held illegal, law enforcement and prosecution of crime may at times be hampered and hindered. This circumstance is inherent, however, in the very nature of the Fourth Amendment. The Court has no doubt that many a rogue has escaped just punishment because of the limitations on the right of search and seizure, but the Court is bound by the Constitution and the law as construed by the Supreme Court and other appellate courts. The principles that emerge from the authorities represent a compromise and constitute a constructive endeavor to arrive at a suitable adjustment between the private rights of the individual and the needs of society in the suppression of crime.

■ I hold the search and seizure illegal and grant the motion to suppress the evidence.

---

[3] Agnello v. United States, 269 U.S. 20, 32–33, 46 S.Ct. 4. 70 L.Ed. 145, 51 A.L.R. 409; Taylor v. United States, 286 U.S. 1, 52 S.Ct. 466, 76 L.Ed. 951; Temperani v. United States, 9 Cir., 299 F. 365; Ray v. United States, 5 Cir., 84 F.2d 654; United States v. Sully, D.C., 56 F.Supp. 942. In Agnello v. United States, 269 U.S. 20 at 32, 46 S.Ct. 4, 6, 70 L.Ed. 145, 51 A.L.R. 409, the court stated: "While the question has never been directly decided by this court, it has always been assumed that one's house cannot lawfully be searched without a search warrant, except as an incident to a lawful arrest therein. * * * The protection of the Fourth Amendment extends to all equally—to those justly suspected or accused, as well as to the innocent. The search of a private dwelling without a warrant is in itself unreasonable and abhorrent to our laws. Congress has never passed an act purporting to authorize the search of a house without a warrant. On the other hand, special limitations have been set about the obtaining of search warrants for that purpose. * * * Save in certain cases as incident to arrest, there is no sanction in the decisions of the courts, federal or state, for the search of a private dwelling house without a warrant. Absence of any judicial approval is persuasive authority that it is unlawful. See Entick v. Carrington, 19 Howard's State Trials, 1030, 1066. Belief, however well founded, that an article sought is concealed in a dwelling house, furnishes no justification for a search of that place without a warrant. And such searches are held unlawful notwithstanding facts unquestionably showing probable cause."

[4] Carroll v. United States, 267 U.S. 132, 149, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790.