Arthur SMALLWOOD, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 1660.

Municipal Court of Appeals for the District of Columbia.

Argued July 18, 1955.

Decided Aug. 26, 1955.

Harry J. Ahern, Washington, D. C., for appellant.

Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., with whom Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, Milton D. Korman and Harry L. Walker, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal is from a conviction on charges of keeping for sale and selling alcoholic beverage without first having obtained a license to do so. Code 1951, Supp. III, § 25–109.

The evidence disclosed that the police acting undercover had purchased small quantities of whisky from one Mason on several occasions prior to January 30, 1955. On January 29, in an effort to locate Mason's source of supply, officer Somerville offered to buy a half gallon and on January 30 accompanied Mason to premises 207 G Street, S. W. There the officer remained in an automobile while Mason entered and returned with the whisky. On February 13 the officer again accompanied Mason to the same premises and again Mason entered and returned with a quantity of whisky. On February 27 officer McElvane gave officer Somerville eighteen one-dollar bills, the serial numbers of which had been recorded, and instructed Somerville to find Mason and endeavor to purchase a large quantity of whisky at the above-mentioned

premises. Either at that time or later in the day McElvane had a warrant of arrest for Mason. Somerville found Mason and proceeded as instructed. When they reached the premises Somerville, as on previous occasions, remained in the automobile. Mason entered and when he returned to the doorway with three large paper bags in his hands, officer McElvane appeared on the scene, identified himself as a police officer, and informed Mason he had a warrant for his arrest. Mason asked if he could read the warrant, and upon receiving an affirmative answer stepped inside the premises. Officer McElvane followed Mason inside and asked from whom he had purchased the whisky. Mason replied that he had bought it from appellant, Arthur Smallwood, who was present. Thereupon Smallwood was searched and seventeen of the one-dollar bills were found on his person. He was questioned and admitted he was operator of the place and was selling corn whisky at $7.50 per gallon. A search of the premises revealed a supply of whisky in a room on the second floor. A key found in the search of Smallwood opened the door to that room. Smallwood was then arrested.

At trial Smallwood objected to any evidence found on the second floor and this objection was sustained, but his objection to any evidence found in the search of his person was overruled. The question presented is whether the search of Smallwood was in violation of the Fourth Amendment to the Constitution.

At the outset we note that while the government suggests that the whisky involved was non-tax-paid whisky, the record is silent on that point. It seems quite clear that the arrest and prosecution were for violation of our local Alcoholic Beverage Control Act, namely, keeping for sale and selling whisky without a license, a misdemeanor.

Appellant argues that the arrest of Mason was consummated outside of the premises and that the officers' entry was illegal, being without a search warrant. The government argues that entry into the

premises was in execution of the arrest of Mason and therefore legal. There is certainly strong suspicion that the officers deliberately delayed execution of the warrant of arrest for Mason and used the warrant as an excuse for entry on the premises. See McKnight v. United States, 87 U.S. App.D.C. 151, 183 F.2d 977. In our view of the case, however, whether the entry was legal or illegal is not material. Assuming that the officers legally entered for the purpose of arresting Mason, they had a right to search him, but had no right to search Smallwood. Smallwood was not in the act of committing a crime nor was there any visible evidence of any crime having been or about to be committed. See O'Neal v. United States, D.C.Mun. App., 105 A.2d 739, affirmed D.C.Cir., 222 F.2d 411; Carrado v. United States, 93 U.S.App.D.C. 183, 210 F.2d 712, certiorari denied, Atkins v. United States, 347 U.S. 1018, 74 S.Ct. 874, 98 L.Ed. 345; Manfredonia v. United States, 347 U.S. 1020, 74 S. Ct. 876, 98 L.Ed. 1140. The only reason the officers had to believe that Smallwood had made the sale to Mason was Mason's statement. Having no warrant of arrest for Smallwood, the officers had no authority to arrest him for a misdemeanor not committed in their presence. Moreover, it seems clear that Smallwood was not arrested on the strength of Mason's statement, but, instead, on the basis of that statement the officers searched Smallwood and then arrested him on the basis of the results of the search. The right to search the person incident to lawful arrest is beyond question, United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653, but search of the body is illegal "when * * the purpose of the search is to discover grounds as yet unknown for arrest or accusation." People v. Chiagles, 237 N.Y. 193, 142 N.E. 583, 584, 32 A.L.R. 676. See also, Taylor v. United States, 286 U.S. 1, 52 S.Ct. 466, 76 L.Ed. 951.

Our conclusion is that the search of Smallwood was illegal and the evidence found in the search should have been excluded.

Reversed.