UNITED STATES of America,
Plaintiff-Appellee,

v.

Mary Edith STOKELY, Defendant-
Appellant.

No. 14985.

United States Court of Appeals
Sixth Circuit.

Jan. 10, 1963.

Hobart F. Atkins, Knoxville, Tenn.,
for appellant.

William A. Watson, Asst. U. S. Atty.,
Lexington, Ky., Bernard T. Moynahan,
Jr., U. S. Atty., Lexington, Ky., on brief,
for appellee.

Before McALLISTER, Circuit Judge,
and BOYD and FREEMAN, District
Judges.

PER CURIAM.

The appellant was convicted under a
one-count indictment charging unlawful
possession of non-taxpaid distilled spirits
in violation of Title 26, Section 5205(a)
(2), U.S.C.A. After the District Court
overruled appellant's timely motion to
suppress the evidence pertaining to the
liquor herein, the case was submitted to
the court on its merits without the in-
tervention of a jury. The appellant con-
tends on this appeal that the evidence
aforesaid was obtained as a result of an
illegal search and seizure, that her motion
to suppress the evidence should have been
granted, and that use of the evidence
in aid of her conviction was reversible
error in that the rights secured to her
by the Fourth, Fifth and Fourteenth
Amendments to the Constitution were
thereby infringed.

On the afternoon of March 28, 1961,
two Kentucky state troopers on duty near
Pineville, Kentucky, received a radio mes-
sage from another state trooper inform-
ing them that he had seen the appellant's
automobile weaving on the highway and
requesting that it be stopped. The oc-
currence thereafter of the following se-
quence of events is supported by the ma-
terial evidence heard by the District
Judge. The arresting officers upon sight-
ing the appellant's automobile observed
the weaving motion described to them in
the radio message aforesaid and inter-
cepted the vehicle. After stopping the
same the officers advised appellant that
she was under arrest for reckless driving
in violation of a Kentucky traffic statute.
Appellant, on being asked as to the cause
of the automobile's erratic operation, at-

tributed it to a load of furniture in the trunk of the car. The officers requested permission to examine the trunk and the keys to same were handed over by the appellant. The officers opened the trunk and discovered therein 120 gallons of non-taxpaid liquor in half-gallon jars.

No serious contention is here made that the arrest of appellant for the traffic violation herein was unlawful, Kentucky law controlling on the lawfulness of the arrest. United States v. Sykes, 305 F.2d 172 (C.A.6) 1962. Moreover, the evidence in the record is that shortly after appellant was arrested, but before she was turned over to federal authority, she entered a plea of guilty before a Kentucky magistrate to the traffic violation aforesaid and paid a fine. Kentucky Revised Statutes, Section 189.-290(1).

The sole question before this court is whether or not the search of the trunk of the appellant's vehicle was reasonable as an incident to a lawful arrest for the traffic violation herein. Since there is no rigid formula for determining what is a reasonable search, the inquiry is in the first instance for the District Court and depends upon the facts and circumstances of each case. Go-Bart Importing Company v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374; United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653; Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399. The District Court heard the proof and there is substantial evidence to support its ultimate finding that the search was a reasonable incident to a lawful arrest for an offense committed in the presence of the arresting officers. The evidence discloses that appellant herself attributed the offensive action of the automobile to the loaded trunk; that she was the one who connected the contents of the trunk with the offense for which she was arrested. As was said in the Rabinowitz case, supra, 339 U.S. at page 61, 70 S.Ct. at page 433:

"The right 'to search the place where the arrest is made in order to find and seize things connected with the crime as its fruits or as the means by which it was committed' seems to have stemmed not only from the acknowledged authority to search the person, but also from the long-standing practice of searching for other proofs of guilt within the control of the accused found upon arrest. Weeks v. United States, 232 U.S. 383, 392 [34 S.Ct. 341, 58 L.Ed. 652]. It became accepted that the premises where the arrest was made, which premises were under the control of the person arrested and where the crime was being committed, were subject to search without a search warrant. Such a search was not 'unreasonable.' Agnello v. United States, 269 U.S. 20, 30 [46 S.Ct. 4, 70 L.Ed. 145]; Carroll v. United States, 267 U.S. 132, 158 [45 S.Ct. 280, 69 L.Ed. 543]; Boyd v. United States, 116 U.S. 616, 623–624 [6 S. Ct. 524, 29 L.Ed. 746]."

See also Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231.

There is no evidence to indicate that the search was exploratory; that the purpose was to secure evidence to support some future arrest, the practice frowned upon specifically in Taylor v. United States, 286 U.S. 1, at page 6, 52 S.Ct. 466, at page 467, 76 L.Ed. 951; Go-Bart Importing Company v. United States, supra; and United States v. Lefkowitz, 285 U.S. 452, 52 S.Ct. 420, 76 L.Ed. 877. The evidence herein connects this search with no arrest or offense other than the traffic violation committed by appellant and supports the finding that the search was not unreasonable in the light of the facts and circumstances surrounding appellant's arrest.

There being no reversible error, the District Court is affirmed.