UNITED STATES of America, Appellee,

v.

William Clyde BROWN, Appellant.

UNITED STATES of America, Appellee,

v.

Hill Eugene JONES, Appellant.

Nos. 73–1631, 73–1632.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 1, 1973.

Decided Nov. 16, 1973.

Certiorari Denied April 1, 1974. See 94 S.Ct. 1617.

John E. Hall, North Wilkesboro, N. C. (McElwee & Hall, North Wilkesboro, on brief), for appellants in Nos. 73–1631 and 73–1632.

N. Carlton Tilley, Jr., Asst. U. S. Atty. (William L. Osteen, U. S. Atty., on brief), for appellee in Nos. 73–1631 and 73–1632.

Before HAYNSWORTH, Chief Circuit Judge, BRYAN, Senior Circuit Judge, and CRAVEN, Circuit Judge.

PER CURIAM:

Appellants Brown and Jones were convicted of possession of non-tax-paid spirits; each appeals,[1] alleging that his motion to suppress evidence seized by Alcohol, Tobacco and Firearms Division officers, acting with a warrant, should have been granted. The gist of appellants' contentions is that in order to obtain facts sufficient to constitute probable cause for the issuance of the search warrant, the ATF officers went to the very place which they sought to search under the authority of the warrant. The first "search" without a warrant was illegal, they argue, because within a constitutionally protected area (the curtilage); therefore the evidence later seized under a search warrant, which depended upon the evidence uncovered in the prior illegal search for its validity, must be suppressed as the "fruit" of an illegal search. Because we believe there was no "search" in the first instance, we affirm the judgments of the district court.

■ In each instance ATF agents entered upon the premises of appellants, walked to within a few feet of their barns,[2] detected the odor of fermenting mash or fruit and then proceeded to the magistrate to obtain a search warrant. While we agree that the barns in question are part of the curtilage, Walker v. United States, 225 F.2d 447 (5th Cir. 1955), we cannot agree, at least so long as the "open fields" doctrine of Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1925) (holding that

1. Brown and Jones appeal from separate trials involving incidents occurring at different times and places; however, the cases are so factually similar that they were argued together before the panel and are treated together in this opinion.

2. Brown's barn was sixty-three yards from his house. The agent advanced to within ten yards of the barn, at which point he detected the odor of fermenting apples coming from the barn.

Jones' barn was located some two hundred yards from his dwelling. The officer in this instance walked to within two or three feet of the barn, from which he not only smelled the distinctive odor of moonshine whiskey but also observed a plastic hose and electric wire coming from underground and leading into the barn's interior.

a trespass does not, of itself, constitute an illegal search) is permitted to stand, that there has been a "search" in violation of the fourth amendment. The ATF officer in neither instance entered into the barn itself, nor attempted to look inside to confirm his suspicions. *See* Taylor v. United States, 286 U.S. 1, 52 S.Ct. 466, 76 L.Ed. 951 (1931); Walker v. United States, 225 F.2d 447 (5th Cir. 1955); United States v. Mullin, 329 F.2d 295 (4th Cir. 1964). In *Taylor* the Supreme Court stated:

> Prohibition officers may rely on a distinctive odor as a physical fact indicative of possible crime; but its presence alone does not strip the owner of a building of constitutional guaranties against unreasonable search.

286 U.S. at 6, 52 S.Ct. at 467. *See also* Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948).

It is a bit disquieting that we must countenance federal snooping around farmers' barns as a legitimate investigative technique. There must surely be a better way than *Hester*-type trespass, but it is not readily discerned in light of the strict standards for the issuance of search warrants set out in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

█ Where there is no entry upon a constitutionally protected area, there can be no "search" within the meaning of the fourth amendment. Appellants' reasonable expectations of privacy— while extending to their dwellings and the immediate area around them and even to the area occupied by outbuildings such as the barns in question, 25 C.J.S. Curtilage p. 84—cannot, in light of *Hester*, be said to include the "open fields" around the barn. The words "persons, houses, papers and effects" do not insulate the air around appellants' barns from the peculiar odor of fermenting fruit stored within.

Affirmed.