NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ANTHONY DAVID HANIFAN, )
)
Appellant, )
)
v. )    Case No. 2D13-4480
)
STATE OF FLORIDA, )
)
Appellee. )
 )

Opinion filed September 18, 2015.

Appeal from the Circuit Court for Sarasota
County; Donna P. Berlin, Judge.

Howard L. Dimmig, II, Public Defender,
and Jeffrey Sullivan, Special Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan M. Shanahan,
Assistant Attorney General, Tampa,
for Appellee.


LUCAS, Judge.

Anthony Hanifan raises several arguments on appeal of his convictions for

multiple counts of sexual battery, lewd or lascivious molestation, lewd or lascivious

exhibition, use of a child in a sexual performance, and transmission of child

pornography. Because we find no error in the judgment or sentences, we affirm. We

write to address Mr. Hanifan's argument that the trial court erred in denying his motion to suppress evidence extracted from his iPhone, which he claims was wrongfully seized without a warrant and in violation of the "police-created exigency" doctrine.

Much of the evidence in Mr. Hanifan's trial revolved around digital images of child pornography that were stored within his personal smartphone, an Apple iPhone 3GS. We must briefly trace the events leading up to its seizure. In late October 2011 North Port Police Department investigators received an alert from a Massachusetts state trooper that an individual named Anthony Hanifan had transmitted child pornography to a criminal defendant in Massachusetts. After interviewing Mr. Hanifan's wife, North Port police officers became apprised of Mr. Hanifan's physical description, as well as his car's description, and that Mr. Hanifan possessed a smartphone that he kept in a black protective case. Through further coordination of North Port police investigators and Massachusetts law enforcement, the North Port police learned that Mr. Hanifan's smartphone was directly implicated in Mr. Hanifan's alleged criminal activities.

Two North Port police detectives then went to Mr. Hanifan's house in an attempt to contact him. Finding no one home, they waited in their vehicle in a neighbor's driveway until they observed Mr. Hanifan driving his vehicle toward his house. He came almost to a complete stop in front of his driveway then suddenly sped away. In pursuit, the detectives saw Mr. Hanifan's vehicle drive through two intersections, each time passing a stop sign without making a complete stop. The detectives relayed this observation to their supervisor and were ordered to execute a stop of the vehicle and take custody of a smartphone in a black case if they observed

one. They stopped Mr. Hanifan, identified him, and seized his iPhone, which was lying in its black case in the officers' plain view on the passenger-side front floorboard. The iPhone was secured, but not accessed or searched, until the detectives obtained and executed a search warrant.[1]

Ordinarily, a law enforcement officer must obtain a warrant prior to seizing the personal effects of an individual. See, e.g., Arizona v. Gant, 556 U.S. 332, 338 (2009) ("[O]ur analysis begins . . . with the basic rule that 'searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.' " (quoting Katz v. United States, 389 U.S. 347, 357 (1967))); United States v. Jeffers, 342 U.S. 48, 51 (1951) ("The Fourth Amendment prohibits both unreasonable searches and unreasonable seizures, and its protection extends to both 'houses' and 'effects.' " (footnote omitted)). However, as the Supreme Court has repeatedly observed, prevention of the imminent destruction of evidence has long been recognized as a sufficient justification for a warrantless search or seizure. Kentucky v. King, 131 S. Ct. 1849, 1856 (2011) (citing Brigham City, Utah v. Stuart, 547 U.S. 398 (2006)). The State bears the burden of showing that an exigent circumstance, such as the potential destruction of evidence, existed at the time of the seizure; it must also rebut the presumption that a warrantless search is unreasonable.

---

[1]Because of this sequence of events, we are primarily focused on the initial seizure of the iPhone, not its later search that revealed the inculpatory images. The case at bar is thus distinguishable from Willis v. State, 148 So. 3d 480 (Fla. 2d DCA 2014), which held that the subsequent, warrantless search of a driver's cell phone violated the Fourth Amendment even though the phone had been validly seized during a traffic stop arrest. Mr. Hanifan also challenges the warrant on various grounds, but we find no merit in any of his arguments.

Riggs v. State, 918 So. 2d 274, 278 (Fla. 2005); Hornblower v. State, 351 So. 2d 716, 718 (Fla. 1977).

The State has met its burden here. Having been informed of Mr. Hanifan's alleged criminal activity and the likelihood that a smartphone on his person could contain direct evidence of that criminal activity, and then observing what, by all appearances, was an attempt to elude law enforcement officers by driving through two stop signs, there was reasonable justification for the seizure of the iPhone. The detectives' concerns that Mr. Hanifan could destroy or conceal the iPhone or delete the electronic data and digital images stored on it were reasonable and authorized them to temporarily retain custody of the phone while they obtained a warrant. Cf. Riley v. California, 134 S. Ct. 2473, 2486 (2014) (noting petitioners' "sensible" concession "that officers could have seized and secured their cell phones to prevent destruction of evidence while seeking a warrant.").

Mr. Hanifan contends that the facts of this case implicate the "police-created exigency" exception to this rule. He argues that any probable cause or exigent circumstances that might have justified seizing his iPhone were of the detectives' own machination. For this proposition, Mr. Hanifan cites United States v. Chambers, 395 F.3d 563, 566 (6th Cir. 2005), which states that "for a warrantless search to stand, law enforcement officers must be responding to an unanticipated exigency rather than simply creating the exigency for themselves." We do not find his argument persuasive, particularly since the holding in Chambers was abrogated by the Supreme Court in Kentucky v. King, 131 S. Ct. 1849 (2011).

In King, the Supreme Court recognized that in some sense the police always create the exigent circumstances, as there is an inherent degree of police involvement whenever they undertake a search or seizure to prevent the potential destruction of evidence. Id. at 1857 ("[A] rule that precludes the police from making a warrantless entry to prevent the destruction of evidence whenever their conduct causes the exigency would unreasonably shrink the reach of this well-established exception to the warrant requirement."). The King Court concluded that a warrantless search or seizure to prevent the destruction of evidence is reasonable and, therefore, allowed so long as "the police did not create the exigency by engaging or threatening to engage in conduct that violates the Fourth Amendment." Id. at 1858.

In effect, Mr. Hanifan's argument would liken the mere presence of these detectives in his neighborhood to a threat against his constitutional rights. We fail to see that parallel. The detectives' parking and waiting in a nearby driveway was not akin to, "for example, [police] announcing that they would break down the door if the occupants did not open the door voluntarily." Id. at 1863. Indeed, the detectives made no contact with Mr. Hanifan whatsoever before they observed his traffic infractions and stopped him. Accordingly, the police-created exigency doctrine does not apply here, and the trial court properly denied the motion to suppress.

Affirmed.

KHOUZAM, J., Concurs.
VILLANTI, C.J., Concurs specially.

- 5 -

VILLANTI, Chief Judge, Specially concurring.

I concur in the decision to affirm Hanifan's convictions and sentences, but I would uphold the trial court's denial of Hanifan's motion to suppress his iPhone on a slightly different basis than that articulated by the majority. I also write to commend the officers in this case, who acted with considerable restraint at a time when the outcome of Riley v. California, 134 S. Ct. 2473 (2014), was still unknown.

The record in this case shows that the North Port police received information from a police officer in Massachusetts that a person in Florida using a telephone with a particular telephone number was connected with an individual arrested in Massachusetts for possessing child pornography. The information from the Massachusetts officer included that the individual with the Florida phone had called the Massachusetts defendant on several occasions and had transmitted pornographic photographs of at least one child to the Massachusetts defendant. The Massachusetts officer also provided the North Port police with information linking the telephone in question to Hanifan.

Upon receiving this information, the North Port police met with Hanifan's wife, who told the officers that the telephone in question was an iPhone in a black case. She also confirmed details about her living room furniture that matched the description of the background shown in several of the pornographic photos seized in Massachusetts.

Armed with this information, North Port Detectives Marshall and Taylor went to Hanifan's house, but he was not home. They decided to wait for Hanifan in the driveway of the house two doors away. When Hanifan drove onto his street and saw

the detectives, he fled the area, running several stop signs in the process. The detectives followed and effected a traffic stop of Hanifan's car. As Detective Marshall was asking Hanifan about the traffic infractions and requesting Hanifan's driver's license, Detective Taylor, who had moved to the passenger side of the car, saw an iPhone in a black case on the floorboard next to Hanifan. Detective Taylor opened the passenger door, seized the cell phone, turned it off, and placed it into evidence. Later, after a search warrant was obtained, other officers searched the phone and found pornographic pictures of a child on it, along with various calls and messages linking Hanifan to the Massachusetts defendant.

Hanifan argued in a motion to suppress, and argues again in this appeal, that the seizure of his iPhone from his car was illegal because it was not supported by probable cause. He contends that the police had no information at the time the iPhone was seized that it would contain contraband and that the trial court's finding that the police "knew" that his iPhone was used to transmit child pornography was not supported by the evidence. And this is arguably true. There was no evidence presented at the hearing to show that the police knew that the iPhone contained or had been used to transmit pornographic images of children.

However, the police did have information leading them to believe that Hanifan's iPhone was likely to contain evidence that connected him to the child pornography possessed by the Massachusetts defendant. To legally seize Hanifan's iPhone, the police did not need probable cause to believe that it contained contraband—only probable cause to believe that it contained evidence of criminal activity. See United States v. Place, 462 U.S. 696, 701 (1983) (noting that the police

need probable cause to believe that "a container holds contraband or evidence of a crime," along with exigent circumstances, to support the warrantless seizure of the container (emphasis added)).  Here, the police had information that Hanifan's iPhone contained evidence of criminal activity, including his contact list, his list of recently dialed or received calls, his text messages, and the emails in any email account linked to the iPhone.  While this information might not have been criminal in and of itself, it could well have linked Hanifan to criminal activity, specifically the interstate transmission of child pornography.  Therefore, in my view, the record fully supports the conclusion that the police had probable cause to seize Hanifan's iPhone.

In response, Hanifan correctly points out that "no amount of probable cause can justify a warrantless search or seizure absent exigent circumstances."  State v. Waterman, 638 So. 2d 1032, 1036 (Fla. 2d DCA 1994) (citing Taylor v. United States, 286 U.S. 1 (1932)); see also Place, 462 U.S. at 701.  However, "[d]ifferent interests are implicated by a seizure than by a search" because of the less intrusive nature of a seizure.  Segura v. United States, 468 U.S. 796, 806 (1984).  The courts have often approved warrantless seizures of property based on probable cause for the time needed to obtain a warrant in cases in which a warrantless search might have been impermissible but when the seizure was used "to protect the evidence from destruction even though there was no immediate fear that the evidence was in the process of being destroyed or otherwise lost."  Id. at 807 (citing United States v. Chadwick, 433 U.S. 1 (1977); Chambers v. Maroney, 399 U.S. 42 (1970)).  Essentially, the Supreme Court has held that "society's interest in the discovery and protection of incriminating evidence from removal or destruction can supersede, at least for a limited period, a person's

possessory interest in property, provided that there is probable cause to believe that that property is associated with criminal activity." Id. at 808.

Here, the detective seized Hanifan's iPhone based on probable cause to believe that it contained evidence that could link Hanifan to the interstate transmission of child pornography. Given the ease with which information such as call logs, texts, emails, and photographs can be deleted from an iPhone, the State's evidence inarguably established that exigent circumstances existed to seize Hanifan's iPhone as the least restrictive means of securing the content and preventing it from being destroyed. And this seizure was not illegal even though there was no evidence that Hanifan was in the process of deleting or destroying any data. Hence, the trial court properly denied the motion to suppress the seizure of Hanifan's iPhone.

I also wish to commend the North Port police officers for not actually searching Hanifan's iPhone immediately upon its seizure. While the law in this area was arguably unsettled at the time of this seizure, since that time, Riley has specifically held that, absent exigent circumstances, a search warrant authorizing the search of a cell phone is required before officers can search the data on a phone. See Riley, 134 S. Ct. at 2494-95. Here, whether through caution or prescience, the officers' decision to obtain a search warrant before accessing any of the information on Hanifan's iPhone was eminently proper, and the ensuing search was unquestionably legal. Therefore, I concur in the affirmance of Hanifan's convictions and sentences.

- 9 -