VILLANTI, Chief Judge,
Specially concurring.
I concur in the decision to affirm Hani-fan’s convictions and sentences, but I would uphold the trial court’s denial of Hanifan’s motion to suppress his iPhone on a slightly different basis than that articulated by the majority. I also write to commend the officers in this case, who acted with considerable restraint at a time when the outcome of Riley v. California, — U.S. -, 134 S.Ct. 2473, 189 L.Ed.2d 430 (2014), was still unknown.
The record in this, case shows that the North Port police received information from a police officer in Massachusetts that a person in Florida using a telephone with a particular telephone number was connected with an individual arrested in Massachusetts for possessing child pornography. The information from the Massachusetts officer included that the individual with the Florida phone had called the Massachusetts defendant on several occasions and had transmitted porno *281 graphic photographs of at least one child to the Massachusetts defendant. The Massachusetts officer also provided the North Port police with information linking the telephone in question to Hanifan.
Upon receiving this information, the North Port police met with Hanifan’s wife, who told the officers that the telephone in question was an iPhone in a black case. She also confirmed details about her living room furniture that matched the description of the background shown in several of the pornographic photos seized in Massachusetts.
Armed with this information, North Port Detectives Marshall and Taylor went to Hanifan’s house, - but he was not home. They decided to wait for Hanifan in the driveway of the house two doors away. When Hanifan drove onto his street and saw the detectives, he fled the area, running several stop signs in the process. The detectives followed and effected a traffic stop of Hanifan’s car. As Detective Marshall was asking Hanifan about the traffic infractions and requesting Hanifan’s driver’s license, Detective Taylor, who had moved to the passenger side of the car, saw an iPhone in a black case on the floorboard next to Hanifan. Detective Taylor opened the passenger door, seized the cell phone, turned it off, and placed it into evidence. Later, after a search warrant was obtained, other officers searched the phone and found pornographic pictures of a child on it, along with various calls and messages linking Hanifan to the Massachusetts defendant.
Hanifan argued in a motion to suppress, and argues again in this appeal, that the seizure of his iPhone from his car was illegal because it was not supported by probable cause. He contends that the police had no information at the time the iPhone was seized, that it would contain contraband and that the trial court’s finding that the police “knew” that his iPhone was used to transmit child pornography was not supported by the evidence. And this is arguably true. There was no evidence presented at the hearing to show that the police knew that the iPhone contained or had been used to transmit pornographic images of children.
However, the police did have information leading them to believe that Hanifan’s iPhone was likely to contain evidence that connected him to the child pornography possessed by the Massachusetts defendant. To legally seize Hanifan’s iPhone, the police did not need probable cause to believe that it contained contraband — only probable cause to believe that it, contained evidence of criminal activity. See United States v. Place, 462 U.S. 696, 701, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983) (noting that the police need probable cause to believe that “a container holds contraband or evidence of a crime,” along with exigent circumstances, to support the warrantless seizure of the container (emphasis added)). Here, the police had information that Han-ifan’s iPhone contained evidence of criminal activity, including his contact list, his list of recently dialed or received calls, his text messages, and the emails in any email account linked to the iPhone. While this information might not have been criminal in and of itself, it could well have linked Hanifan to criminal activity, specifically the interstate transmission of child pornography. Therefore, in my view, the record fully supports the conclusion that the police had probable cause to seize Hani-fan’s iPhone.
In response, Hanifan correctly points out that “no amount of probable cause can justify a warrantless search or seizure absent exigent circumstances.” State v. Waterman, 638 So.2d 1032, 1036 (Fla. 2d DCA 1994) (citing Taylor v. United States, 286 U.S. 1, 52 S.Ct. 466, 76 L.Ed. 951 *282 (1932)); see also Place, 462 U.S. at 701, 103 S.Ct. 2637. However, “[d]ifferent interests are implicated by a seizure than by a search” because of the less intrusive nature of a seizure. Segura v. United States, 468 U.S. 796, 806, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984). The courts have often approved warrantless seizures of property based on probable cause for the time needed to obtain a warrant in cases in which a warrantless search might have been impermissible but when the seizure was used “to protect the evidence from destruction even though there was no immediate fear that the evidence was in the process of being destroyed or otherwise lost.” Id. at 807, 104 S.Ct. 3380 (citing United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970)). Essentially, the Supreme Court has held that “society’s interest in the discovery and protection of incriminating evidence from removal or destruction can supersede, at least for a limited period, a person’s possessory interest in property, provided that there is probable cause to believe that that property is associated with criminal activity.” Id. at 808, 104 S.Ct. 3380.
Here, the detective seized Hanifan’s iPhone based on probable cause to believe that it contained evidence that could link Hanifan to the interstate transmission of child pornography. Given the ease with which information such as call logs, texts, emails, and photographs can be deleted from an iPhone, the State’s evidence inarguably established that exigent circumstances existed to seize Hanifan’s iPhone as the least restrictive means of securing the content and preventing it from being destroyed. And this seizure was not illegal even though there was no evidence that Hanifan was in the process of deleting or destroying any data. Hence, the trial court properly denied the motion to suppress the seizure of Hani-fan’s iPhone.
I also wish to commend the North Port police officers for not actually searching Hanifan’s iPhone immediately upon its seizure. While the law in this area was arguably unsettled at the time of this seizure, since that time, Riley has specifically held that, absent exigent circumstances, a search warrant authorizing the search of a cell phone is required before officers can search the data on a phone. See Riley, 134 S.Ct. at 2494-95. Here, whether through caution or prescience, the officers’ decision to obtain a search warrant before accessing any of the information on Hani-fan’s iPhone was eminently proper, and the ensuing search was unquestionably legal. Therefore, I concur in the affirmance of Hanifan’s convictions and sentences.