**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Charles Lee WELSH, Defendant-**
**Appellant.**

**No. 26702**
**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

Sept. 30, 1969.

Glen Sutherland, El Paso, Tex., court-appointed, for appellant.

Seagal V. Wheatley, U. S. Atty., Ray Caballero, Asst. U. S. Atty., El Paso, Tex., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

GEWIN, Circuit Judge:

◼ Appellant, Charles L. Welsh, was found guilty by a jury in the United States District Court for the Western District of Texas of transporting a stolen automobile in interstate commerce in violation of 18 U.S.C. § 2312 (1964), and transporting two firearms in interstate commerce in violation of 15 U.S.C. § 902(e) (1964). Appellant alleges that the trial court erred in allowing a policeman and an FBI agent to testify concerning certain statements made by him, and that the court erred in charging the jury as to the degree of proof necessary to convict. Finding no merit in these contentions, we affirm.[1]

◼ The record reveals the following facts. Welsh and three companions traveled by automobile from Phoenix, Arizona to El Paso, Texas where they checked into a motel. The desk clerk became suspicious when Welsh incorrectly described his car and license plates

[1]. Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804, Part I (5th Cir. 1969).

on the motel registration form. The city police were alerted and two officers were dispatched to investigate. The officers went to Welsh's room and asked him to identify himself and his car. He replied that his name was "Nelson" and that he owned a 1963 Chevy II. He identified the car and stated that his ownership papers were in the glove compartment. In fact, the car identified was a stolen 1966 Chevy II, and Welsh was unable to produce ownership papers. The officers then asked Welsh to raise the hood of the car so that they could inspect the engine. When Welsh was unable to successfully operate the hood latch, he was arrested "for suspicion" of possessing a stolen car. After arrest but prior to the time when *Miranda* warnings were given, he informed the police that his friends in the motel room had a sawed-off shotgun which might be used on the police. He insisted to the officers that his friends were "highly under the influence of narcotics and might come out shooting." The officers testified that Welsh volunteered this information in spite of their insistence that he remain silent. The policemen returned to the motel room, and after receiving permission to search, they found the shotgun and the pistol described in the indictment. Mr. Willard Nelson, who resided next-door to appellant in Phoenix, Arizona, testified that the firearms and car recovered by the police officers had been taken during a burglary of his home.

The first specification of error concerns the propriety of allowing one of the arresting officers to testify to certain statements made by appellant prior to his arrest. He argues that this evidence was erroneously introduced because *Miranda* warnings had not been given. We have held that an officer does not have to give these warnings

until a person is in custody or until a person's freedom is deprived in some significant way.[2] In the instant case there had been no deprivation of freedom when the statements were made. The police officer testified that he did not go to the motel to arrest the owner of the car but merely to investigate the motel clerk's suspicion of impropriety.[3] His testimony is supported by the fact that prior to Welsh's admissions there was a complete absence of evidence indicating that a crime had been committed. We therefore find that the officer's testimony concerning appellant's statements was properly admitted.

■ Appellant also contends that the court erred in allowing the officer to testify to certain statements made *after* arrest and prior to *Miranda* warnings. We find no error here because the statements were "volunteered." In Miranda v. Arizona, the Court noted that "volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our decision today."[4] The record shows that these statements were not the product of police questioning but were made in spite of the fact that police officers repeatedly told Welsh to remain silent.

■ In his second specification of error, appellant alleges that the trial court erred in allowing an FBI agent to testify regarding certain admissions made on the day following his arrest. Immediately prior to this interrogation, the agent clearly gave the *Miranda* warnings, and Welsh signed a waiver of his constitutional rights. During interrogation Welsh stated that he "evidently stole the vehicle in Phoenix and evidently in the vehicle were the two weapons." Appellant argues that the admission of this statement was improper because he had been taking Methydrene and was not

2. McMillan v. United States, 399 F.2d 478 (5th Cir. 1968) ; Evans v. United States, 377 F.2d 535 (5th Cir. 1967).

3. *Compare* Windsor v. United States, 389 F.2d 530, 534 (5th Cir. 1968), where the probable cause for arrest existed prior to interrogation.

4. 384 U.S. 436, 478, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694 (1966). *See* Anderson v. United States, 399 F.2d 753 (10th Cir. 1968).

aware of what he was saying or what had happened. This argument is rebutted by the FBI agent's testimony that Welsh was "coherent" and did not appear to be under the influence of drugs. While a city policeman testified that Welsh appeared to be under the influence of liquor, narcotics or "something" at the time of his arrest, the FBI agent's interrogation occurred on the day following his arrest. We, therefore, find that the record does not support appellant's allegation of mental incompetency.

■ Finally, the appellant contends that certain instructions given to the jury were improper. His objections relate specifically to the burden of proof, the meaning of reasonable doubt and the court's explanation of the law relating to principals.[5] Appellant failed to raise any of these objections in the trial court either orally or in writing. Rule 30 F.R. Crim.P.[6] On appeal we do not notice every technical error or defect. The error must affect substantial rights of the

appellant. Plain errors affecting substantial rights may be noticed even though not brought to the attention of the court. Rule 52 F.R.Crim.P.[7]; Wright, Fed. Practice & Procedure, Crim. §§ 854–856. It is rare indeed fully to instruct a jury in language that is letter perfect. The appellant in this case, as appellants have so often done before, has chosen isolated excerpts from the court's charge to form the basis of the claimed error. However, we must examine the court's charge as a whole.[8] Several times the trial court informed the jury that unless the appellant's guilt was proved beyond a reasonable doubt he should be acquitted. Moreover, the court gave a detailed explanation of the meaning of the phrase "beyond a reasonable doubt." We have carefully considered the court's instructions as a whole in light of all the circumstances of the case and have concluded that no error was committed.

The judgment is

Affirmed.

5. Title 18 U.S.C., § 2 provides as follows:
  (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
  (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

6. Rule 30 provides:
  At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. At the same time copies of such requests shall be furnished to adverse parties. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury and, on request of any party, out of the presence of the jury.

7. Rule 52 provides as follows:
  (a) *Harmless Error.* Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.
  (b) *Plain Error.* Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.

8. *See* Smith v. United States, 355 F.2d 912, 914 (5th Cir. 1966), cert. den. 384 U.S. 1001, 86 S.Ct. 1922, 16 L.Ed.2d 1014 (1966).