**UNITED STATES of America,**
**Appellee,**

v.

**Merton A. CHASE, Appellant.**

**No. 23750.**

United States Court of Appeals
Ninth Circuit.

July 8, 1969.

Certiorari Denied Nov. 10, 1969.

See 90 S.Ct. 247.

Ford with Massachusetts license plates which had "run" from a New Mexico State officer. The following afternoon, he and another Arizona Highway Patrol officer were parked along the highway in separate patrol cars near Holbrook, and saw the described vehicle drive by. Turning on their red lights, the two officers gave chase. Defendant pulled into a Shell station and alighted from his car. One of the officers parked his patrol car in front of defendant's vehicle, and the other parked behind it.

Officer Freeman questioned Chase, after which he placed Chase under arrest for driving without a valid driver's license. Officer Freeman then gave Chase part of the warnings prescribed in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, placed him in his patrol car and took him to the county jail in Holbrook.

At the outset of the trial, Chase moved to suppress Officer Freeman's proposed testimony with respect to his questioning of defendant at the service station. Following an evidentiary hearing in the absence of the jury, the court denied the motion. At the trial, Officer Freeman testified on direct examination that, at the service station, he first asked Chase for his driver's license and the car registration. The officer testified that Chase gave him identification in the name of Russell Chase (defendant's brother), and stated that he did not have a driver's license. On cross-examination by counsel for Chase, Officer Freeman further stated that Chase advised him at this time that the car was rented.

Tom O'Toole (argued), Federal Defender, Phoenix, Ariz., for appellant.

Lawrence Turoff (argued), Asst. U. S. Atty., Edward E. Davis, U. S. Atty., Phoenix, Ariz., for appellee.

Before HAMLEY and BROWNING, Circuit Judges, and BYRNE, District Judge *.

PER CURIAM:

Merton Arthur Chase was tried before a jury and convicted of transporting a stolen motor vehicle across state lines, in violation of the Dyer Act, 18 U.S.C. § 2312 (1964). On this appeal he first contends that the trial court erred in denying his pretrial motion to suppress evidence consisting of an oral statement and papers misidentifying himself given to a law enforcement officer while being questioned at a service station, and in allowing the officer to repeat those statements in his testimony at the trial.

The officer in question was Doyle Freeman of the Arizona Highway Patrol. On September 21, 1968, he received a radio call from the Holbrook, Arizona Dispatch Center of the Arizona Highway Patrol, to watch for a blue 1968

In Lowe v. United States, 9 Cir., 407 F.2d 1391, this court held that when a law enforcement officer stops a car and asks the driver for identification and a vehicle registration slip, this limited on-the-scene investigative questioning need not be preceded by Miranda warnings. See also, Arnold v. United States, 9 Cir., 382 F.2d 4, 7; United States v. Gibson, 4 Cir., 392 F.2d 373.

* The Honorable William M. Byrne, Senior United States District Judge for the Central District of California, sitting by designation.

Accordingly, it was not necessary for Officer Freeman to give Chase a *Miranda*-type warning before asking him for his driver's license and the car registration. The officer was therefore entitled to testify as to the responses Chase made to those questions.[1]

Accordingly, the trial court did not err in denying the motion to suppress Chase's statements elicited by the prosecution, and in receiving evidence concerning those statements.

▪ Chase also contends that the evidence was not sufficient to warrant the verdict of guilty on the Dyer Act charge, and the trial court therefore erred in denying his motion to acquit. We have examined the evidence and find it ample to support the conviction.

Affirmed.

---

1. We note that the same information, namely that Chase did not have a driver's license with him, and that he was holding himself out as his brother, Russell, was already before the jury through the testimony of New Mexico law enforcement officers, and was admitted without objection.