**UNITED STATES of America,
Appellee,**

v.

**Tommie EDWARDS, Appellant.**

**No. 24399.**

United States Court of Appeals,
Ninth Circuit.

Feb. 2, 1970.

Michael A. Bosco, Jr. (argued), Phoenix, Ariz., for appellant.

Joe Jenckes (argued), Daniel R. Salcito, Asst. U. S. Attys., Richard K. Burke, U. S. Atty., Phoenix, Ariz., for appellee.

Before BARNES, CARTER and HUFSTEDLER, Circuit Judges.

## PER CURIAM.

Appellant appeals from a conviction for violating the Dyer Act (18 U.S.C. § 2312). He contends that the District Court erred in denying, in part, his motion to exclude evidence illegally obtained and that the admissible evidence was inadequate to sustain his conviction.

On March 4, 1968, two police officers observed a Chevrolet automobile with Mississippi license plates parked off the highway in an uninhabited area within the city limits of Flagstaff, Arizona. The time was 2 o'clock in the morning. The windows of the automobile were rolled up, and the engine was running. The officers saw appellant and another man asleep in the car. Officer Stamper awakened appellant by rapping on the window. Appellant said that he owned the car and that his name was "Marion Stephens." He showed Officer Stamper a driver's license bearing that name, but the description of the licensee did not resemble appellant. Stamper asked appellant for his registration slip. As appellant leafed through his wallet, Stamper saw a black plate that looked like a vehicle identification number plate. Stamper asked if he might see the plate, and appellant gave it to him. Appellant could not produce a registration slip, but he handed Stamper a document purporting to be a bill of sale. That document contained an identification number that matched the number on the black plate, but it did not match the identification number on the doorpost of the car. Stamper asked appellant to sign his name on a note pad. Appellant did so. The signature was dissimilar to the signature on the driver's license. Stamper radioed for a check on the Mississippi license plates on the Chevrolet and on the vehicle identification numbers. Fifteen to twenty minutes later, a teletype reply to the license plates inquiry was relayed to Stamper indicating that the plates belonged to a Volkswagen registered to "A. A. Jones." Officer Stamper placed appellant under arrest for vagrancy and, for the first time, gave him the *Miranda* warning.

The following day appellant pleaded guilty to the vagrancy charge and was sentenced to fifteen days in jail. On the same day, in response to the earlier teletype, Flagstaff police received information that the Chevrolet had been stolen in Mississippi.

On March 11, 1968, the Flagstaff police gave Agent Lescoe of the Federal Bureau of Investigation the driver's license, black plate, bill of sale, and the teletypes. Agent Lescoe personally verified the information about the license plates and the Chevrolet identification number by inspecting the impounded automobile. He transmitted the remaining information for investigation to the Bureau. He twice interviewed appellant in the city jail. On both occasions he fully advised appellant in accordance with the *Miranda* rule. Appellant refused to sign the written waiver form offered him on each occasion. But appellant talked to Agent Lescoe. He told Agent Lescoe that his real name was Tommie Edwards, that he had bought the Chevrolet from W. C. Motors, Columbus, Mississippi, for $1600 cash, that he had drawn from his savings account at the Commercial National Bank there. The Bureau checked his story and reported to Agent Lescoe that no motor company of that name existed in Mississippi. The Flagstaff police released appellant to the custody of the United States. He was thereupon promptly taken before the United States Commission-

er and charged with the violation of the Dyer Act for which he was later convicted.

The District Court granted appellant's motion to exclude all evidence obtained by the Flagstaff police after appellant's arrest on the ground that the vagrancy arrest was without probable cause. It denied appellant's motion to exclude evidence obtained pursuant to Agent Lescoe's interviews with the appellant.

Appellant waived a jury, and the cause was tried by the court. The court wrote findings of fact and conclusions of law in which the court found guilt from the evidence secured from the appellant before his arrest "independent of his exculpatory statements to the F.B.I. agent." We therefore need not reach the merits of appellant's claim that the District Court erred in denying his motion to exclude evidence obtained from Agent Lescoe's interviews. Appellant can give us no reason to disregard the court's findings, and we decline to do so.

Next, appellant contends that, without considering the illegally obtained evidence, the evidence was insufficient to sustain the conviction. We disagree.

The driver's license, bill of sale, black plate, license plates, and the hand writing exemplar were all obtained before the appellant was in custody, formal or informal, during the course of appropriate "on-the-scene questioning" to ascertain whether or not a crime was being or had been committed. *Miranda* was not intended to apply to that situation. (Miranda v. Arizona (1966)) 384 U.S. 436, 477–478, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974; United States v. Chase (9th Cir. 1969) 414 F.2d 780; Lowe v. United States (9th Cir. 1969) 407 F.2d 1391; *see also* United States v. Welsh (5th Cir. 1969) 417 F.2d 361.) That evidence was not the fruit of appellant's vagrancy arrest; the justification for obtaining it was not dependent upon the legality of appellant's arrest.

The District Court found that the evidence of guilt was secured by investigation "dictated by the information and documents secured from [appellant] prior to arrest \* \* \*." That finding is not clearly erroneous.

The conviction is affirmed.