**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William Scott CAMPBELL, Defendant-Appellant.**

**No. 25631.**

United States Court of Appeals, Ninth Circuit.

Aug. 25, 1970.

James Joseph Brown (argued) Las Vegas, Nev., for defendant-appellant.

William Patterson Cashill (argued) Asst. U. S. Atty., Bart M. Schouweiller, U. S. Atty., Las Vegas, Nev., for plaintiff-appellee.

Before HAMLIN, BROWNING and TRASK, Circuit Judges.

HAMLIN, Circuit Judge.

On November 13, 1969, after a jury trial in the United States District Court for the District of Nevada, Las Vegas, appellant William Scott Campbell was found guilty of a violation of the Dyer Act, 18 U.S.C. § 2312. His *in forma pauperis* appeal to this court, which has jurisdiction under 28 U.S.C. § 1291, raises but two issues: first, whether the trial court properly admitted into evidence certain statements made by appellant to an F.B.I. agent some 22 hours after his arrest by a Clark County Deputy Sheriff on state charges, and second, whether the trial court improperly denied appellant's proposed instruction concerning the actions of the owner of the car after the car was found missing.

The evidence produced at trial shows that Clark County Deputy Sheriff Hickman received a phone call at approximately 5:00 p. m. on July 3, 1969, from the owner of the Mobile Station in Cactus Springs, Nevada. Deputy Hickman proceeded to the station, approached appellant who was standing beside a Ford Ranchero bearing Florida license plates, and asked him to produce some identification. Appellant stated that he had no identification. Hickman then asked appellant whether the Ford Ranchero was his vehicle, to which appellant replied "Yes". Hickman then radioed the license number of the Ranchero to the Clark County Sheriff's Office for a check, and was informed in due course that the vehicle was reported stolen and that William Scott Campbell and James Alexander were suspects. Appellant was then asked by Hickman whether he was Alexander or Campbell. Appellant identified himself as Campbell. Hickman then placed

appellant under arrest, giving him a full *Miranda* warning.

Appellant was lodged in the Clark County jail on various state charges. Special Agent William J. Winchester of the F.B.I. was notified of appellant's arrest, and proceeded to the Clark County jail on July 4, 1969, at approximately 3:40 in the afternoon, some 22 hours after appellant's arrest on the state charges. Prior to interviewing appellant, Winchester informed appellant of his rights and gave him a written waiver form for his signature. Appellant signed the written waiver form containing all the *Miranda* requirements, and then proceeded to tell Winchester of his exploits with regard to the Ranchero.

■ At the trial Agent Winchester first testified to his conversation with appellant out of the presence of the jury. He stated that upon first arriving at the jail he informed appellant that he was an F.B.I. agent, and that he was at the jail to question him concerning the Ford Ranchero.[1] Appellant under questioning by Winchester admitted that he had taken the vehicle from its owner, William Hendriksen of Houghton Lake, Michigan, without permission. The trial judge then specifically found that "the Defendant was properly advised of his Constitutional rights before making a statement to this Officer, and that the statement was freely and voluntarily made after a proper waiver of rights had been made by the Defendant orally and in writing." Appellant objected to the introduction of this statement solely on the ground that the *corpus delicti* had not been proven. His objection on this ground was overruled, and Winchester then testified to the above facts in the presence of the jury.

■ Appellant has apparently abandoned his meritless objection based on the alleged failure of the government to prove *corpus delicti* prior to the admission of appellant's incriminating statement. Appellant now contends, for the first time on appeal, that this statement was elicited from appellant in violation of Rule 5(a), Federal Rules of Criminal Procedure, and in violation of Title II of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 3501.[2] As no objection was made on these grounds in the trial court we will not consider these new arguments on appeal, except to note in passing that appellant's argument does not seem well taken in the circumstances of this case. See United States v. Chadwick, 415 F.2d 167 (10th Cir. 1969).

■ In addition appellant now contends that the trial court failed to make a specific finding that the statement of appellant was voluntary beyond a reasonable doubt, which, according to appellant, is required by United States v. Inman, 352 F.2d 954 (4th Cir. 1965). Appellant made no objection on this ground at trial, when the trial court could have easily considered this question. Not having raised this questionable point below, appellant is foreclosed from raising the point on appeal.

■ Appellant's second specification of error is that the trial court erroneously refused, over a properly lodged objection, to give Defendant's Proposed Instruction A, set out in the margin.[3] Instead, the trial court instructed the jury that

1. Appellant's contention that he was not specifically informed that he was being investigated for a violation of the Dyer Act has no merit. There is nothing in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), which requires such a warning.

2. Specifically, appellant complains of the fact that at the time the statement was elicited from him, some 22 hours after his arrest by *state* officers on *state* charges,

he had not yet been taken before the United States Commissioner for arraignment. In fact appellant was not indicted by the federal grand jury until July 8, 1969, and was not formally arrested and arraigned on the federal charge until July 18, 1969. Of course, any delay after the initial 22-hour period was in no way prejudicial to appellant with regard to the confession.

3. "If you find from the evidence presented in this case that the defendant believed

"If you should find that the accused, in good faith, believed that he had the right to possession of the motor vehicle, at the time and place of the alleged offense, then the accused can not be found to have wilfully transported a stolen motor vehicle in interstate commerce, and you should acquit him.

If you find from the evidence presented in this case that the Defendant believed that his employer, William Hendriksen, would not object to his possession and use of the Ford Ranchero automobile, then you should acquit the Defendant."

We see no error in the actions of the district judge.

Judgment affirmed.

that his employer, William Hendricksen [sic], would not object to his possession and use of the Ford Ranchero automobile, then you should acquit the defendant. Your finding to this question should be determined by the evidence bearing solely on what the defendant believed and not on what William Hendricksen [sic] may or may not have actually done while defendant had possession of the Ford Ranchero automobile."