**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**David Leonard EDWARDS, Jr.,**
**Defendant-Appellant.**

**No. 26494.**

United States Court of Appeals,
Ninth Circuit.

June 18, 1971.

---

Leslie A. Kast, West Covina, Cal., for defendant-appellant.

Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Barry Russell, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS, BROWNING and ELY, Circuit Judges.

PER CURIAM:

Appellant was convicted of transporting a stolen motor vehicle in interstate commerce in violation of 18 U.S.C. § 2312. We affirm.

Appellant and a companion offered to sell to a Cadillac dealer the hubcaps from a 1968 Cadillac they were driving. The dealer became suspicious and called the police.

Upon arriving at the scene and before contacting appellant, Officer Hibbetts ran a check on the vehicle's license number to determine if the vehicle had been stolen. The check was negative. Nonetheless, Officer Hibbetts decided to investigate. He approached appellant and requested various items of personal identification and the vehicle registration. He noticed discrepancies between the license numbers on the various documents. He also noticed pry marks around the vehicle's trunk lock and that

the "wind wing" on the passenger's side was broken out. He asked appellant to follow him to the police station where the discrepancies could be resolved. Appellant agreed. At the station, Officer Hibbetts looked through the windshield and saw the vehicle identification number on a plastic tab attached to the lip of the dashboard. A check based on this number disclosed that the vehicle had been stolen. Appellant was then placed under arrest.

Appellant contends that the evidence obtained by Officer Hibbetts after the initial negative stolen vehicle report should have been suppressed because the officer failed to give appellant the *Miranda* warnings and failed to obtain a search warrant. We cannot agree.

The record establishes that the statements sought to be suppressed were obtained during investigatory, on-the-scene questioning and that *Miranda* warnings therefore were not required under our decisions in United States v. Chase, 414 F.2d 780 (1969); Lowe v. United States, 407 F.2d 1391 (1968); and Arnold v. United States, 382 F.2d 4 (1967). The physical evidence was either in plain view or was obtained with appellant's consent.

We are also satisfied that the court did not abuse its discretion in denying the motion for continuance *See* Evalt v. United States, 382 F.2d 424 (9th Cir. 1967).

Finally, the evidence was clearly sufficient to support the trial judge's finding of guilt. Appellant suggests that the trial judge revealed doubt of guilt by calling a witness after the trial judge had found appellant guilty. The record shows, however, that the witness was called to testify regarding facts relevant to whether appellant should be released on bail.

Affirmed.