**UNITED STATES of America,**
**Appellee,**

v.

**Marlin Ronald BELPERIO, Appellant.**

**No. 71–1718.**

United States Court of Appeals,
Ninth Circuit.

Dec. 22, 1971.

**390**

Neal A. Kuvara, of Kalberer, Kuvara, Corbett & Byrum, San Francisco, Cal., for appellant.

James M. Wilkes, Asst. U. S. Atty., Richard K. Burke, U. S. Atty., Ann Bowen, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before CHAMBERS, KOELSCH and KILKENNY, Circuit Judges.

## PER CURIAM:

Appellant was indicted, tried by a jury and convicted of being a felon in possession of an illegal firearm in violation of 18 App.U.S.C. § 1202(a) (1), in one count and of simple possession of the same illegal firearm in violation of 26 U.S.C. § 5861(d) and § 5871 in a second count.

### STATEMENT

A deputy sheriff stopped appellant for driving a pickup with deficient headlights. The officer recognized appellant and, being aware of his criminal record, asked if he had any weapons. Appellant replied, "No, . . . other than the shotgun." This gun was plainly visible on the front seat. When the officer measured the length of the barrel on the shotgun, he found that it was less than 18 inches long.

### MIRANDA WARNING

██ The appellant was not in custody at the time he told the officer about possession of the shotgun. In these circumstances, the officer was not required to give the warning outlined in Miranda v. Arizona, 384 U.S. 436, 477–478, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). See United States v. Edwards, 421 F.2d 1346 (9th Cir. 1970); United States v. Chase, 414 F.2d 780 (9th Cir. 1969), cert. denied 396 U.S. 920, 90 S.Ct. 247, 24 L. Ed.2d 200 (1969), and Lowe v. United States, 407 F.2d 1391 (9th Cir. 1969). Moreover, the gun was in plain view and had been observed by the officer before appellant made his statement. It was the vision of the officer, rather than the statement of appellant, which provided the officer with knowledge of the existence of the gun. Consequently, the seizure was proper and appellant's state-

ment about the gun was in no way prejudicial. Ker v. California, 374 U.S. 23, 43, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); United States v. Crow, 439 F. 2d 1193, 1196 (9th Cir. 1971).

## PREVIOUS CRIMINAL RECORD

 During the course of cross-examination of the arresting officer, he was asked if he had any knowledge of appellant other than meeting him from time to time. The officer responded, "I was aware of his criminal record." The defense did not move to strike the answer, nor was there other objection. This court will not normally hear issues which were not presented to the trial court. United States v. Campbell, 431 F.2d 97, 99 (9th Cir. 1970); Marshall v. United States, 409 F.2d 925, 927 (9th Cir. 1969). Additionally, we note that the jury had already heard appellant's counsel stipulate that appellant had been previously convicted of burglary, and then appellant's admission, on cross-examination, that he had been convicted of another burglary. In these circumstances, even though the issue had been presented to the trial court, the elicited statement would not be prejudicial. Singleton v. United States, 381 F.2d 1 (9th Cir. 1967), cert. denied 389 U.S. 1024, 88 S.Ct. 601, 19 L.Ed.2d 673 (1967). The same is true of the statement of another police officer, likewise made on cross-examination, that he had previously arrested appellant "for a felony". The trial judge forthwith instructed the jury to ignore this remark. Consequently, any possible error was corrected. Cf., Johnson v. United States, 424 F.2d 537 (9th Cir. 1970).

## SPECIFIC INTENT

 This issue was decided against appellant's contention in United States v. Freed, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971); United States v. Jones, 446 F.2d 12 (9th Cir. 1971); United States v. Crow, 439 F.2d 1193 (9th Cir. 1971).

Our review of the entire record convinces us that appellant had a fair trial and that his conviction on both counts must be affirmed.

Affirmed.