**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Emilio Arturo MARTINEZ–MIRA-**
**MONTES, Defendant-Appellant.**

**No. 73–2548.**

United States Court of Appeals,
Ninth Circuit.

April 10, 1974.

**2.** United States v. Becker, supra, 461 F.2d at 234.

Robert W. Ripley (argued), Federal Defenders, Inc., San Diego, Cal., for defendant-appellant.

David P. Curnow, Asst. U. S. Atty. (argued), Harry D. Steward, U. S. Atty., Stephen G. Nelson, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before MERRILL and TRASK, Circuit Judges, and GRAY,* District Judge.

TRASK, Circuit Judge:

Martinez-Miramontes appeals his conviction for possession of marijuana with intent to distribute, a violation of 21 U. S.C. § 841(a)(1). Jurisdiction in the District Court was based upon 18 U.S.C. § 3231; this court's jurisdiction is predicated upon 28 U.S.C. § 1291. The sole issue on appeal is the propriety of the district judge's denial of appellant's pretrial motion to suppress.

On March 14, 1973, appellant and another individual (who was tried with the appellant and acquitted) were observed by a border patrol agent on Highway 98, near Ocotillo, California. The two individuals had crossed the highway, leaving their automobile on the roadside facing a westerly direction, and were apparently hitchhiking. The border patrol agent, who had been driving westerly on this east-west highway noticed the parked vehicle, stopped his car, and was approached by the two individuals. The agent was told that they were "out of gas." Upon request, appellant and his companion produced valid identification cards evidencing their legal presence within the United States. The border patrol agent inquired as to the ownership of the vehicle in which appellant had been driving; he was told that the owner was not known, and that a stranger had offered the two individuals money to drive the vehicle to a certain parking lot in San Diego. The agent requested the keys to open the trunk of the automobile; his reason for this query was his impression that the rear end of the car was "hanging pretty low." He was told that appellant and his companion had neither the ignition key nor the key to the trunk. The border patrol agent then began a search for aliens and, after removing portions of the back seat of the automobile, recognized and seized a large amount of marijuana that had been inside the trunk.

Sometime after the border patrol agent had arrived on the scene—but prior to the commencement of his search for aliens—a customs agent drove by and also stopped his vehicle. While the two individuals were talking to the border patrol agent, the customs agent approached appellant's vehicle and "sniffed the crevice where the trunk closes and detected an odor of marijuana coming

---

* Honorable William P. Gray, United States District Judge from the Central District of California, sitting by designation.

from it." The customs agent then quietly signalled to the border patrol agent that the trunk was "loaded" with marijuana. There was conflicting testimony as to whether this signal was perceived by the border patrol agent before or after he had begun his search of the automobile.[1]

Appellant likens the situation here to that in Almeida-Sanchez v. United States, 413 U.S. 266 (1973), where the Court held that a stop and search by a roving immigration patrol was a violation of rights guaranteed under the Fourth Amendment. But the stop of a moving car without probable cause or the search of a car parked where cars are customarily parked, without more, is the Government. United States v. Sherman, not the case which the District Court had before it here. One does not under ordinary circumstances in a remote, though traveled, area pull his car off the road, stop, get out, and begin walking away from it. The location was 5 miles north of the Mexican border and the border patrolman had a right and probably a duty to make inquiry.

The result of that investigation was the development of an incredibly bizarre story. Neither the defendant nor his companion owned the car or knew who the owner was. They had no evidence of ownership or right to possession. They stated they had been paid to drive the vehicle to a designated parking lot in San Diego. Yet when they were asked for the keys they said they had neither an ignition key nor a key to the trunk compartment. Their story was that they were out of gas. Presumably they were starting to walk or pick up a ride to obtain a supply of gasoline. Just how they would start the car thereafter without an ignition key was unexplained. The patrolmen noticed that the car was "low in the back" as well it would have been with approximately 442 pounds of marijuana in the trunk compartment. He concluded that it must contain either aliens or contraband. The customs officer confirmed his suspicions by indicating he had smelled the odor of marijuana.

Appellant argues that the act of the customs officer in sniffing around the crevice where the trunk closes constituted a search proscribed by the Fourth Amendment. We do not agree. We find no distinction of substance between leaning down and turning the head to look inside a motor vehicle to see articles which then come within the "plain view" doctrine, see, e. g., United States v. Belperio, 452 F.2d 389 (9th Cir. 1971), and leaning down and sniffing to detect the odor of marijuana.

The appellant relinquished his reasonable expectation of privacy in the trunk of his automobile when he loaded it with 442 pounds of an odorous weed. By the use of ordinary senses while standing in a place where the officer had a right to be standing, he could then detect the nature of the load. We held in United States v. Fisch, 474 F.2d 1071 (9th Cir.), cert. denied, 412 U.S. 921 (1973), that defendants who had discussed their criminal activities in a motel room in voices so audible as to be heard in the adjoining motel room did not retain a Katz[2] "reasonable expectation of privacy" in their conversation. Further, no Fourth Amendment intrusion occurred when law enforcement officers listened more closely by placing themselves on the floor next to the crack beneath the door separating the two rooms. We refused to make "hair-splitting" constitutional distinctions between the two situations and likewise find no distinction in the use of the olfactory organs whether the revealing odor is detected in a stroll around the car or by a sniff over the trunk compartment. See also United States v. Capps, 435 F.2d 637, 641–643 n. 7 (9th Cir. 1970); Ponce v. Craven,

---

1. Since the motion to suppress was denied, we must resolve this conflict favorably to 430 F.2d 1402, 1404 (9th Cir. 1970), cert. denied, 401 U.S. 908 (1971).

2. Katz v. United States, 389 U.S. 347, 351–353 (1967).

409 F.2d 621, 625 (9th Cir. 1969), cert. denied, 397 U.S. 1012 (1970).

Appellant asserts no errors arising from his trial below. Having concluded that the District Court properly denied appellant's pretrial motion to suppress, we affirm the judgment.