APEX CONSTRUCTION, INC., a Washington Corporation, Plaintiff,

v.

HURON MANUFACTURING CORPORATION, a Foreign Corporation, and Carlos Aparicio d/b/a Aparicio Supply Company, Defendants.

No. C–79–430.

United States District Court,
E. D. Washington.

Jan. 14, 1980.

L. H. Vance, Jr., Winston & Cashatt, Spokane, Wash., for plaintiff.

Kenneth H. Kato, Huppin, Ewing, Anderson & Hergert, P.S., Spokane, Wash., for defendants.

ORDER RE: DEFENDANT APARICIO'S MOTION TO DISMISS AND ORDER TRANSFERRING CASE TO THE DISTRICT OF IDAHO.

QUACKENBUSH, District Judge.

Defendant Huron removed this case to federal court under diversity subject matter jurisdiction. Plaintiff, Apex, claims that Huron, a South Dakota Corporation, and

Defendant Aparicio, a California sole proprietorship, breached, inter alia, contractual, warranty, and tort duties connected with and arising from the manufacture, sale, and servicing of Huron's concrete pouring equipment and Aparicio's concrete forms. Plaintiff used the machine and forms with the alleged result of a defective work product on job sites in Coeur d'Alene, Idaho and Butte, Montana.

Aparicio moves the Court to dismiss for lack of jurisdiction over his person. Plaintiff opposes the motion but, in the alternative, urges the Court to transfer the case to a district which has jurisdiction, rather than dismissing it, if the Court ultimately determines that it lacks in personam jurisdiction. Aparicio concedes that 28 U.S.C. § 1406(a) and *Goldlawr v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962) permit transfer should the Court find that in personam jurisdiction is absent.

Aparicio contends that his contacts with the forum are less than is required in a diversity case which uses the state's jurisdictional base to satisfy the "minimum contacts" standard of constitutional due process, measured by "traditional notions of fair play and substantial justice". *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

In determining a personal jurisdiction matter in a diversity case, the Court must first decide whether, disregarding the state statute, the "minimal contact due process" requirements are met. If Aparicio's activities within the state are "substantial" or "continuous and systematic", then a sufficient relationship exists to satisfy the constitutional requirement.

In this case, there is neither a contention nor facts to support a position that Aparicio regularly did or solicited business, engaged in some other persistent course of conduct, or derived substantial revenues from goods used or services rendered in Washington. ▪ Plaintiff urges the Court to accept the notion that Aparicio's position as Huron's regional distributor supports finding a connection to Washington State. However, it is unclear whether Plaintiff contends this distributorship provides a basis for finding that Aparicio had "presence" in the Washington market and, therefore, may be haled into court here for conduct unrelated to the sale of Huron products or, alternatively, whether Plaintiff contends the distributorship makes Aparicio liable for the particular sales transaction concluded directly between Huron and Plaintiff in Spokane, Washington. Neither contention is legally viable in this case.

The facts will not support the argument that Aparicio had such systematic business connections with Washington as to permit the notion that he sought to serve this market. It may have been foreseeable that Huron products would reach the state of Washington, but that is not a basis upon which to find substantial or systematic contacts, nor is it a basis upon which to determine an affiliating circumstance from which this cause of action arises. Aparicio did not act as Huron's agent in soliciting and concluding the sale of Huron's machine to Plaintiff. Furthermore, the facts do not show that he solicited the sale of other Huron products in Washington. Mere foreseeability that Huron machines might reach the Washington market by virtue of Aparicio's California based regional distributorship, is not enough to support the finding of "conduct or connection of such strength" that it might be said Aparicio purposefully availed himself of the privilege of conducting activities within the state. See, *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Aparicio only sold the forms which he personally manufactured and which are, along with the machine that Huron sold, a separate basis for this suit.

▪ Since the Defendant's activities in the forum are not so pervasive as to support jurisdiction based upon the "doing business" theory, the Court must next evaluate the nature and quality of the Defendant's contacts with the forum in relation to the instant cause of action. To support its jurisdiction, the Court must find (1) that Aparicio did some act or consummated some

transaction with the forum by *which he purposefully availed himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws*, and (2) that the claim is one which arises out of or results from the Defendant's forum related activities. See, *Data Disc v. Systems Tech*, 557 F.2d 1280, 1287 (9th Cir. 1977).

Plaintiff solicited the sale and concluded the purchase of the forms in California. Aparicio manufactured the forms in California for Plaintiff's projects in Coeur d'Alene, Idaho, Pendleton, Oregon, and Butte, Montana. The three forms were delivered to Plaintiff in Washington by common carrier. When Plaintiff experienced problems with the forms on the Coeur d'Alene project, Aparicio sent a service technician there. The technician stayed in Idaho three days then travelled to Washington for one day to service a form in Plaintiff's warehouse. All the events giving rise to the claim occurred at the Idaho, Coeur d'Alene job site. Thus, the only contacts with Washington were the delivery, through a carrier, and the service visit, collateral to the Idaho service visit.

Plaintiff urges the Court to accept the premise that the delivery of the forms and the supplementary service visit are sufficient affiliating circumstances upon which to base jurisdiction. However, the carrier delivery does not provide a seller contact with Washington. The shipping documents which Plaintiff presents as exhibits show that the transacting parties intended a shipment contract. This means that the seller's obligation is to put the goods into the hands of a reasonable carrier and make a contract for their delivery to the buyer. The seller delivers when he puts the goods into the hands of a carrier in California, although under a C.O.D. payment term, such as provided in the bill of lading, the price is not due until the goods arrive at their destination. Apex is the consignee in all three bills of lading. This is some indication that the goods were owned by Apex prior to entry into Washington. Moreover, even if the Court found that the Defendant had title to the forms until their arrival F.O.B. Spokane

and that the carrier acted as the Defendant's agent for the purpose of delivery, the Court would not consider that part of the transaction, isolated in nature and void of any other significant contacts with the forum, to be an act by which the Defendant "purposefully availed itself of the privilege of conducting activities within the forum state." The delivery does not itself stem from a constitutionally cognizable contact with Washington. This aspect of the transaction, and the benefit accruing to the Defendant from it, is representative of a collateral relation to the forum and will not support jurisdiction. See, *Kulko v. Superior Court*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). Consequently, it does not appear that Plaintiff's suit is based on a transaction which had substantial connection with Washington State. See, *McGee v. International Life Ins. Co.*, 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957).

There is a minority view expressed in the case of *Electro Craft Corp. v. Maxwell*, 417 F.2d 364 (8th Cir. 1969) which holds for the premise that if either seller or purchaser performed the contract in the forum state, that state has personal jurisdiction over both parties. *Electro Craft, supra*, further holds that a delivery, even F.O.B. seller's city is an affiliating circumstance upon which to base a finding of minimum contacts with the buyers forum. However, there were other circumstances in *Electro Craft* which permitted the finding of "minimum contacts" besides a mere delivery by the defendant seller through a carrier. The transaction in *Electro Craft* made full use of the arteries of interstate commerce to introduce products into the forum state's market: the transaction resulted from a year of negotiations conducted by mail and telephone back and forth between parties; interstate banking relations were used to complete the transaction; 278 units of defendant's goods valued at over $132,000 were introduced for sale into the market over a period of 21 days. The case involved a claim of intentional tort as well as warranty.

The 7th circuit in *Lakeside Bridge Steel v. Mountain State Construction*, 597 F.2d 596 (1979), cert. denied, 445 U.S. 596, 100 S.Ct. 1087, 63 L.Ed.2d 325 (1980), (Justice White dissenting, 598) rejected the 8th Circuit position as regards the establishment of contacts viewed from the resident Plaintiff's unilateral dealing with the non-resident Defendant. The 7th circuit panel pointed out that, in a contract case, the fact that Plaintiff partially performed in the forum state or that the Defendant might have availed himself of the resident plaintiff's forum is not *purposefully* availing oneself of the privilege of conducting activities within the state. As the panel in *Lakeside Bridge & Steel* notices, cases where the cause of action arises from "effects of a sort highly dangerous to persons or things", the police power of the state is the constitutional basis for the extension of its territorial influence. But, "the forum state has a lesser interest in protecting a corporation in an interstate contract dispute, especially when the corporation left the state to solicite and secure the contract". *Id.*, 599. Therefore, the mere unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum state. *Kulko v. Superior Court, supra; Worldwide Volkswagen v. Woodson, supra.*

The Court finds that Aparicio's contacts with Washington are not substantial and of such a nature as to permit maintenance of this action in Washington. However, the Court will not dismiss the action but rather will transfer the entire case to the United States District Court for the District of Idaho. "This result is proper where defendant(s) (have) had actual notice of the pending litigation and where transfer of the case would avoid the 'time consuming and justice defeating technicalities' that dismissal would entail." *Tillay v. Idaho Power*, 425 F.Supp. 376, 382 (E.D.Wa.1976) (citation omitted). 28 U.S.C. § 1406(a). Transfer of the entire case will permit a complete adjudication upon the merits as to all Defendants and does not present a hardship where the present district and the transferee court are geographically adjacent.

Venue is proper as to both defendants under 28 U.S.C. § 1391(a), since one of the claims against both arose from events in Coeur d'Alene, Idaho. The Idaho Long Arm Statute, I.C.A. § 5–514(a) & (b), provides a basis for that district's jurisdiction over the person of both defendants. The affiliating circumstances as to Aparicio have been set forth. As to Huron, it gave Plaintiff instructions in Coeur d'Alene; its field representative spent a week there; he conducted tests and made representations in connection with Huron's business; he recommended the ordering of a new form from Huron's factory which was shipped to the Idaho job site. And, since the Idaho claims may properly be brought in Idaho, the other claims are also properly there. F.R.C.P. 18(a). See, Advisory Committee Notes, (1966 Amendment.)

Accordingly Defendant's Motion to Dismiss is denied and the entire case is transferred, pursuant to 28 U.S.C. § 1406(a), to the U.S. District Court, for the District of Idaho.