J-A24006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: K.J.V., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF:  K.J.V., A MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 607 MDA 2018 |

Appeal from the Dispositional Order February 13, 2018
In the Court of Common Pleas of Dauphin County
Juvenile Division at No(s):  CP-22-JV-0000547-2017

BEFORE:  OTT, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OTT, J.:                **FILED DECEMBER 17, 2018**

K.J.V. appeals from the dispositional order entered February 13, 2018, in the Juvenile Division of the Dauphin County Court of Common Pleas.  The juvenile court adjudicated K.J.V. delinquent on charges of possession of a small amount of marijuana and possession of drug paraphernalia,[1] and entered a dispositional order placing her on formal probation.  On appeal, K.J.V. argues the court erred in denying her motion to suppress evidence recovered during a warrantless search of her vehicle.  For the reasons below, we affirm.

The facts underlying the adjudication of delinquency are summarized by the juvenile court as follows:

---

[1] **See** 35 P.S. §§ 780-113(a)(31) and (32), respectively.

On July 1, 2017, at 7:15 a.m., Officer Michael McCormick of the Derry Township Police Department, who has been a police officer since 2009, was sitting in a marked police vehicle on the median of Hersheypark Drive and Old West Chocolate Avenue. Officer McCormick observed a black Acura sedan come through a curve and it appeared to be going above the posted 35 MPH speed limit. The Acura was unable to maintain its lane of travel as it rounded the curve. As the vehicle got closer, the officer noticed the car had extremely dark window tint, by his estimation darker than the tint allowed by law. Officer McCormick pulled off the median, activated his emergency lights, and the car stopped.

Officer McCormick approached the driver side window of the vehicle, identified himself, and outlined the reason for the stop. The officer obtained the driver's license of the driver, which identified her as [K.J.V.]. Officer McCormick testified, "While speaking with [K.J.V.], I could smell the strong odor of unburnt marijuana coming from inside the vehicle." The officer outlined his training and experience. Officer McCormick had [K.J.V.] get out of the car and conducted a search. In the center console he located numerous pieces and stems of marijuana. In the ashtray he found a burnt marijuana cigarette and on the passenger floor he found a sandwich bag containing small pieces of marijuana residue. [K.J.V.] was then charged with unlawful possession of a small amount of marijuana and unlawful possession of drug paraphernalia, as well as summary traffic violations.

Juvenile Court Opinion, 6/11/2018, at unnumbered 3-4 (record citations omitted).

On February 6, 2018, K.J.V. filed a motion to suppress the evidence recovered during the warrantless search. The juvenile court conducted a suppression hearing on February 13, 2018, following which it denied the motion. The case proceeded immediately to an adjudication hearing. The court adjudicated K.J.V. delinquent on the drug possession and paraphernalia charges, but found her not guilty of the traffic offenses. The same day, the

juvenile court placed K.J.V. on formal probation. K.J.V. filed a post-dispositional order, which the court denied, and this timely appeal followed.[2]

K.J.V.'s sole issue on appeal challenges the juvenile court's denial of her suppression motion. Specifically, she insists Officer McCormick did not possess the requisite probable cause to search her vehicle based solely on the purported odor of unburnt marijuana.[3] *See* K.J.V.'s Brief at 5.

Our well-settled standard of review is as follows:

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. The suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

> Moreover, appellate courts are limited to reviewing only the evidence presented at the suppression hearing when examining a ruling on a pre-trial motion to suppress.

---

[2] On April 17, 2018, the juvenile court ordered K.J.V. to file a concise statement of errors complained of on appeal. K.J.V. complied with the court's directive, and filed a concise statement on May 2, 2018.

[3] K.J.V. does not challenge the basis for Officer McCormick's stop of her vehicle.

*Commonwealth v. Freeman*, 150 A.3d 32, 34–35 (2016) (quotation omitted), *appeal denied*, 169 A.3d 524 (Pa. 2017).

Generally, "a search conducted without a warrant is presumed to be unreasonable unless it can be justified under a recognized exception to the search warrant requirement." *Commonwealth v. Davis*, 188 A.3d 454, 457 (Pa. Super. 2018) (citation omitted). One such exception is when police possess probable cause to search a lawfully stopped motor vehicle. *See id.* In *Commonwealth v. Gary*, 91 A.3d 102 (Pa. 2014) (plurality opinion), the Pennsylvania Supreme Court adopted the federal automobile exception, holding "[t]he prerequisite for a warrantless search of a motor vehicle is probable cause to search; no exigency beyond the inherent mobility of a motor vehicle is required." *Id.* at 138. Furthermore,

> [p]robable cause exists where the facts and circumstances within the officers' knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed. With respect to probable cause, [our Supreme C]ourt adopted a "totality of the circumstances" analysis in *Commonwealth v. Gray*, 509 Pa. 476, 503 A.2d 921, 926 (1985) (relying on *Illinois v. Gates*, 462 U.S. 213, [103 S.Ct. 2317, 76 L.Ed.2d 527] ( 1983)). The totality of the circumstances test dictates that we consider all relevant facts, when deciding whether [the officer had] probable cause.

*Commonwealth v. Harris*, 176 A.3d 1009, 1023 (Pa. Super. 2017), *quoting Commonwealth v Luv*, 735 A.2d 87, 90 (Pa. 1999).

In the present case, K.J.V., insists the odor of marijuana that Officer McCormick purportedly smelled, did not provide him with the requisite probable cause to search her vehicle. *See* K.J.V.'s Brief at 13-16. Rather,

- 4 -

she relies on this Court's statement in *Commonwealth v. Trenge*, 451 A.2d 701, 708 (Pa. Super. 1982), that "odors without more in the usual case will not provide probable cause." K.J.V. emphasizes there is no "plain smell" exception to the warrant requirement, and in those cases in which an officer cited an odor of marijuana as cause for the search, there were also other factors present. *See Commonwealth v. Stainbrook*, 471 A.2d 1223, 1225 (Pa. Super. 1984) (officer detected the odor of burning marijuana, "in addition to observing [] furtive behavior of the [defendant] who appeared to be stuffing something under his seat"); *Trenge*, *supra*, 451 A.2d at 703 (officer detected strong odor of burning marijuana, and noticed the end of a pipe stem protruding from defendant's pocket); *Commonwealth v. Stoner*, 344 A.2d 633, 634 (Pa. Super. 1975) (officer detected "a very distinct odor of marijuana about the interior of the vehicle" as he reached in to secure a firearm from the glove compartment). K.J.V. also asserts a "plain smell" exception would constitute "bad policy" because "a police officer's alleged detection of an odor is less reliable, more subjective, and also open to abuse." K.J.V.'s Brief at 23.

Here, the juvenile court addressed this claim as follows:

An odor may be sufficient to establish probable cause for a search warrant. Commonwealth v. Stainbrook, 324 Pa.Super. 410, 415, 471 A.2d 1223, 1225 (1984), citing U.S. Supreme Court cases. In Commonwealth v. Stoner, 236 Pa.Super. 161, 344 A.2d 633 (1975), the Superior Court stated that the rationale used to establish probable cause in those Supreme Court cases applies equally well when determining the validity of a search of a movable vehicle. In Stoner, the Court analogized a "plain smell" concept with that of plain view and held that where an officer is justified in being where he is, his detection of the odor of

marijuana is sufficient to establish probable cause. Id. at 636. Likewise, officers who detected the strong odor of marijuana emanating from a trailer had probable cause to obtain a search warrant. Commonwealth v. Johnson, 68 A.3d 930 (Pa.Super. 2013).

The prerequisite for a warrantless search of a motor vehicle is probable cause to search; no exigency beyond the inherent mobility of a motor vehicle is required. Commonwealth v. Gary, 625 Pa. 183, 242, 91 A.3d 102, 138 (2014) (plurality opinion). Gary represented a departure from prior Commonwealth jurisprudence which required either an exigency or search warrant for a valid automobile search. [K.J.V.] cites Commonwealth v. Trenge, 305 Pa.Super. 386, 451 A.2d 701 (1982) for its proposition that "odors without more in the usual case will not provide probable cause." Trenge does not, however, state that odors alone cannot provide probable cause. Also, as noted above, numerous other cases hold that an odor alone can provide probable cause.

Here, Officer McCormick made a lawful traffic stop and smelled the odor of marijuana when he spoke to the juvenile. That odor provided him with probable cause to believe marijuana was located in the car, under a "plain smell" analysis or with a commonsense analysis of the situation. Pursuant to Gary, he conducted a lawful, warrantless search of the car and found marijuana and paraphernalia. As such, the motion to suppress was properly denied.

Juvenile Court Opinion, 6/11/2018, at unnumbered 4-5.

We agree with the rationale of the juvenile court. While we recognize many of the "plain smell" decisions involved factors in addition to the smell of marijuana, we find that under the totality of the circumstances presented here, Officer McCormick had probable cause to search K.J.V.'s vehicle. The officer conducted a proper traffic stop when he observed K.J.V. driving too fast for a sharp curve, and traveling in a vehicle with "extremely dark window tint." N.T., 2/13/2018, at 6. While he was speaking to K.J.V. and obtaining

her driver's license, Officer McCormick smelled "the strong odor of unburnt marijuana coming from inside the vehicle." *Id.* at 7. He explained he identified the smell "[t]hrough [his] training and experience in the police academy, and [he had] also been involved in hundreds of arrests throughout [his eight-year] career." *Id.* *See also id.* at 5 (Officer McCormick testifying he has a "police K-9 trained in narcotics and patrol"). The juvenile court specifically determined the officer's testimony was credible, particularly because the officer testified he smelled "raw marijuana … not burning marijuana." *See id.* at 25.

This Court's decision in *Stoner*, *supra*, is particularly instructive. In that case, an officer validly stopped the defendant on the turnpike for a traffic violation. When the officer asked the defendant for his paperwork, one of the passengers opened the glove compartment and a pistol dropped out. *See Stoner*, *supra*, 344 A.2d at 633. The officer ordered all of the occupants out of the vehicle and placed them under arrest. When he returned to the car to retrieve the pistol, he "noted a very distinct odor of marijuana in the interior of the vehicle[,]" and observed marijuana seeds and leaves throughout the interior. *Id.* at 634. However, the officer "was certain the odor was too strong to be coming from the small amount of drugs he could see." *Id.* He subsequently searched the trunk of the vehicle, where he recovered 150 pounds of freshly cut marijuana. *See id.*

On appeal, a panel of this Court first noted that the marijuana seeds and leaves in plain view were "sufficient to establish probable cause for the search of the car." *Id.* at 635. Nevertheless, the panel opined:

> However, we need not base our decision solely on the evidence in plain view. Trooper Williams indicated additionally that he noted a very strong odor of marijuana coming from inside the car. He stated that the odor was, "(v)ery strong, it was similar to standing in the center of a field of marijuana." Officer Williams testified that he had, in fact, stood in a field of marijuana while serving as a Military Policeman in Vietnam. He also indicated that freshly cut marijuana emits a stronger odor than does dried marijuana.
>
> The Supreme Court of the United States has held that an odor may be sufficient to establish probable cause for the issuance of a search warrant. *United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *Johnson v. United States*, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948). This position has been followed by other federal courts. *United States v. Curran*, 498 F.2d 30 (9th Cir. 1974); *United States v. Brown*, 487 F.2d 208 (4th Cir. 1973); *United States v. Pond and Fanelli*, 382 F.Supp. 556 (S.D. New York 1974). While these cases have been concerned with securing warrants for the search of a house, the rationale used to establish probable cause applies equally well when determining the validity of a search of a movable vehicle.
>
> The court in *United States v. Curran*, *supra*, discussed establishing probable cause from the existence of odors.
>
>> 'The government touches upon the theory sometimes advanced that the courts should acknowledge a 'plain smell' concept analogous to that of plain sight. . . . However, before the officer could rely upon his smelling marijuana as probable cause, he would have to justify his presence at the place . . . where he detected the odor, just as he would have to justify his presence at the place from which he saw the contraband in order to rely on the doctrine of plain view.'
>
> 498 F.2d at 33.
>
> In the instant case, there is no doubt that Trooper Williams was justifiably in the position from which he detected the odor. It

- 8 -

would have been a dereliction of duty for him to ignore the obvious aroma of an illegal drug which he was trained to identify.

We are impressed by **United States v. Martinez-Miramontes**, 494 F.2d 808 (9th Cir. 1974), a case nearly on point with the case at bar. In **Martinez-Miramontes**, a border patrol officer observed two persons walking away from a parked car, and stopped to question them. While the officer was questioning the individuals, a customs agent also stopped. The customs agent walked around the car, sniffed the crevice where the trunk closes, and detected an odor of marijuana. The trunk was searched and marijuana was found. In upholding the validity of the warrantless search of the vehicle as being based on adequate probable cause, the court stated:

> 'We find no distinction of substance between leaning down and turning the head to look inside a motor vehicle to see articles which then come within the 'plain view' doctrine, (citation omitted), and leaning down and sniffing to detect the odor of marijuana.
>
> 'The appellant relinquished his reasonable expectation of privacy in the trunk of his automobile when he loaded it with 442 pounds of an odorous weed. By the use of ordinary senses while standing in a place where the officer had a right to be standing, he could then detect the nature of the load.'

494 F.2d at 810.

We believe that the rationale employed by the federal court in California is correct and that it is consistent with interpretations of our Supreme Court, and adopt it in the Commonwealth.

**Id.** at 635–636. Under this analysis, Officer McCormick's search of K.J.V.'s

vehicle was also proper.[4]

_____

[4] We note the Commonwealth relies solely on the Pennsylvania Supreme Court's decision in **Gary**, **supra**. **See** Commonwealth's Brief at unnumbered 5. However, the **Gary** Court focused on whether to adopt the federal automobile exception for warrantless vehicle searches, rather than a determination of whether the officer's smell of marijuana provided probable cause for the search. Indeed, the Court specifically stated, "there is no dispute

Furthermore, we emphasize that the motor vehicle violations with which K.J.V. was charged were all summary offenses. **See** 75 Pa.C.S. §§ 3309 (failure to stay in single lane), 4107(b)(2) (operating a vehicle with unsafe window tint), and 4703(a) (operating a vehicle without a valid inspection certificate). Therefore, had Officer McCormick not conducted the search, he would have been obliged to permit K.J.V. to leave in a vehicle in which he detected a strong odor of unburnt marijuana. The juvenile court heard Officer McCormick's testimony and adjudged him credible. Accordingly, we agree "the facts and circumstances within [Officer McCormick's] knowledge [were] sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed." **Harris**, **supra**, 176 A.3d at 1023. Therefore, K.J.V. is entitled to no relief.

Dispositional order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/17/2018

---

that probable cause exists to search [the defendant's] motor vehicle." **Gary**, **supra**, 91 A.3d at 138. Moreover, in that case, after the officer detected the odor of marijuana, he asked the defendant "if there was anything in the vehicle that the officers 'need [to] know about[,]" and the defendant responded that "there was some 'weed.'" **Id.** at 104. Therefore, the officer had probable cause to search based on the defendant's admission that he possessed illegal drugs, as well as the smell of marijuana.