OPINION *Page 2 
{¶ 1} Defendant-Appellant David Frankenhoff appeals the May 22, 2006 Judgment Entry of the Muskingum County Court of Common Pleas denying his motion to suppress evidence. Plaintiff-Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In early 2006, Detective Bline of the Central Ohio Drug Enforcement Task Force was informed by a known confidential informant of a marijuana growing operation on Vine Street in Newark, Ohio. In January, 2006 an anonymous tip into the CODE drug tip line specifically mentioned appellant's name and the marijuana growing operation on Vine Street. As a result, Detective Bline began period surveillance of certain properties and license plate checks of nearby vehicles on Vine Street, including Appellant's girlfriend's home at 59 Vine Street.
 {¶ 3} At approximately 5:00 p.m. on February 14, 2006, Detective Bline was working undercover and performing surveillance on the home at 59 Vine Street. He ran a license plate check on a vehicle parked in front of the home, finding the vehicle registered to the Appellant.
 {¶ 4} Detective Bline parked his vehicle down the street and walked to the front of the home. He observed someone standing in the front room behind thin curtains. Detective Bline then walked down Vine Street to Lawrence Street, approximately six to eight feet, and smelled a faint odor of growing marijuana. Detective Bline concluded the odor to be emanating from 59 Vine Street.
 {¶ 5} Detective Bline called for backup, and approached the front door with another officer, Sgt. Dave Haren, also dressed for undercover work. Again, Detective *Page 3 
Bline detected the smell of green marijuana. Appellant answered the front door, and both officers identified themselves and asked to speak with Appellant. Once the door to the home opened, the smell of green marijuana emanated from the interior.
 {¶ 6} Appellant told the officers he did not want to talk, and attempted to shut the door. Detective Bline placed his foot in the doorway, and secured the home, including entering the residence to look for others. In plain view, Detective Bline observed a substantial amount of marijuana inside. Detective Bline secured the residence to prevent the destruction of evidence and ensure the officers' safety.
 {¶ 7} Detective Bline filed an affidavit in the Licking County Municipal Court on February 14, 2006, containing allegations of illegal activity at the residence referenced as 59 Vine Street, Newark, Ohio, Licking County. A nighttime search warrant was issued.
 {¶ 8} The State indicted Appellant on one count of possession of marijuana, a third degree felony; one count of cultivation of marijuana within the vicinity of a school zone, a second degree felony; and one count of possession of materials or tools to grow marijuana, a fifth degree felony.
 {¶ 9} On April 7, 2006, Appellant moved the trial court to suppress the evidence. The trial court conducted a hearing on Appellant's motion on May 9, 2006. Via Judgment Entry of May 22, 2006, the trial court denied Appellant's motion to suppress.
 {¶ 10} Appellant plead no contest on each count of the indictment. The trial court accepted the pleas, and sentenced Appellant to six years imprisonment.
 {¶ 11} Appellant now appeals assigning as error: *Page 4 
 {¶ 12} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE."
 {¶ 13} In the sole assignment of error, Appellant argues the trial court erred in denying his motion to suppress as the evidence presented against Appellant was obtained in violation of his constitutional rights. Specifically, Appellant asserts the State's search and seizure were unlawful.
 {¶ 14} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v.Fanning (1982), 1 Ohio St.3d 19, 437 N.E .2d 583; State v. Klein (1991),73 Ohio App.3d 486, 597 N.E.2d 1141; State v. Guysinger (1993),86 Ohio App.3d 592, 621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams (1993),86 Ohio App.3d 37, 619 N.E.2d 1141, overruled on other grounds. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case.State v. Curry (1994), 95 Ohio App.3d 93, 641 N.E.2d 1172; State v.Claytor (1993), 85 Ohio App.3d 623, 620 N.E.2d 906; Guysinger, supra. As the United States *Page 5 
Supreme Court held in Ornelas v. U.S., (1996), 517 U.S. 690,116 S.Ct. 1657,". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 15} In a motion to suppress, the trial court assumes the role of trier of fact, and, as such, is in the best position to resolve questions of fact and evaluate witness credibility. Guysinger, supra, at 594 (citations omitted). Accordingly, an appellate court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. Id., citing State v. Fausnaugh (Apr. 30, 1992), Ross App. No. 1778, 1992 WL 91647.
 {¶ 16} The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868,20 L.Ed.2d 889; State v. Andrews (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271.
 {¶ 17} Appellant argues the failure of the State to establish the existence of a valid search warrant authorizing the search and seizure in question or to fit the search into an exception to the warrant requirement, triggers the exclusionary rule and requires the suppression of the evidence illegally obtained. Murray v. United States (1988),487 U.S. 533. Specifically, Appellant maintains the affidavit offered in support of the warrant was insufficient to permit the search as it lacked probable cause and sufficient specificity to authorize the search.
 {¶ 18} Even if we were to determine the search warrant was not supported by probable cause, we find the trial court did not err in denying appellant's motion to *Page 6 
suppress under the "good faith exception" to the exclusionary rule set forth in United States v. Leon (1984), 468 U.S. 897, as adopted by the Ohio Supreme Court in State v. Wilmoth (1986), 22 Ohio St.3d 251. Under the "good faith exception," the exclusionary rule should not be applied so as to bar the use in the prosecution's case-in-chief of evidence obtained by officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause. State v.George (1980), 45 Ohio St.3d 325, 330 citing Leon, supra at 918-23, 926. However, even under the "good faith exception," suppression of evidence is appropriate where any of the following occurs:
 {¶ 19} "(1) * * * the magistrate or judge * * * was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth * * *; (2) * * * the issuing magistrate wholly abandoned his judicial role * * *; (3) an officer purports to rely upon * * * a warrant based upon an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) * * * depending on the circumstances of the particular case, a warrant may be so facially deficient-i.e. in failing to particularize the place to be searched or the things to be seized-that the executing officers cannot reasonably presume it to be valid."
 {¶ 20} The only exception to the "good faith exception" which is arguably applicable in the instant case is the third exception. Upon review of the affidavit submitted in support of the search warrant, we find the affidavit is not so lacking in probable cause as to render official belief in its existence entirely unreasonable. *Page 7 
 {¶ 21} In State v. Moore, 90 Ohio St.3d 47, 49, 734 N.E.2d 804, 2000
Ohio 10, the Supreme Court of Ohio reviewed a case involving probable cause to search an individual's person and automobile based solely upon a strong odor of marijuana coming from the individual's automobile and person. The Moore court defined probable cause as follows:
 {¶ 22} "Probable cause must be based upon objective facts that would justify the issuance of a warrant by a magistrate. State v. Welch
(1985), 18 Ohio St.3d 88, 480 N.E.2d 384. The United States Supreme Court has long acknowledged that odors may be persuasive evidence to justify the issuance of a search warrant. Johnson v. United States
(1948), 333 U.S. 10, 13, 68 S.Ct. 367, 369, 92 L.Ed. 436, 440 (odor of burning opium from a hotel room gave officers probable cause to obtain a search warrant); Taylor v. United States (1932), 286 U.S. 1,52 S.Ct. 466, 76 L.Ed. 951 (distinctive odor of alcohol is an objective fact indicative of a possible crime). So long as the person is qualified to know and identify the odor and it is a distinctive odor that undoubtedly identifies a forbidden substance, this constitutes a sufficient basis to justify the issuance of a search warrant. Johnson, 333 U.S. at 13,68 S.Ct. at 369, 92 L.Ed. at 440."
 {¶ 23} After reviewing the facts, the Moore court held in its syllabus "the smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to conduct a search."
 {¶ 24} Upon review of the record, testimony presented at the suppression hearing indicated Detective Bline witnessed someone in the home behind a thin curtain as he approached the residence. Detective Bline had worked ten years in law enforcement and the majority of those years in drug enforcement. He testified he *Page 8 
detected the smell of marijuana as it is growing inside and outside hundreds of times and had participated in between 20 and 30 searches of major indoor growing operations. Accordingly, Detective Bline was qualified to know and identify the distinctive odor emanating from appellant's residence as marijuana. We find these facts constitute a sufficient basis to justify the issuance of the search warrant and the officer had a reasonably objective belief in the validity of the warrant.[1]
 {¶ 25} Based upon the foregoing, the May 22, 2006 Judgment Entry of the Licking County Court of Common Pleas is affirmed.
 By: Hoffman, P.J. Wise, J. and Delaney, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the May 22, 2006 Judgment Entry of the Licking County Court of Common Pleas is affirmed. Costs assessed to Appellant.
[1] Given our finding sufficient probable cause existed for the issuance of the warrant on the facts noted supra, we need not discuss whether the additional information offered in support of the warrant (Detective Bline's observations of growing marijuana while securing the house) was properly considered. *Page 1